**Ex parte Dana Kay SIMPKINS and Rayla Ann Simpkins, Minors.**

**No. 8152.**

Court of Civil Appeals of Texas, Amarillo.

June 7, 1971.

Richard D. Bird, Childress, for appellant.

Williams, Broughton & Forbis, John T. Forbis, Childress, for appellees.

ELLIS, Chief Justice.

This is an appeal from a judgment ordering a change in the place of residence of minor children from that of the father-appellant, to whom custody had been previously awarded, to the home of appellant's former wife for the period of eight months, December 1, 1970, to August 1, 1971. The order provided for the return of the children to their father on August 1, 1971. The appellant's motion to supercede the trial court's judgment was granted by this court, and the children remain in the custody of the father-appellant pending this appeal.

By judgment entered by the District Court of Cottle County, Texas, on April 21, 1969, the appellant, Ronald Kay Simpkins and appellee, now Sue Shaw, were divorced, and the father-appellant was awarded the care, custody and control of their two minor children, being two daughters, Dana Kay Simpkins and Rayla Ann Simpkins, now of the ages of five and four years, respectively. The decree granted reasonable visitation rights to the children's mother and maternal grandparents.

The instant suit was filed on September 8, 1970, by Sue Shaw, joined by her present husband, Robert E. Shaw, in the nature of an application for writ of habeas corpus seeking a change in the custody of the above named minor children. The cause was tried before the court without a jury on October 30, 1970. After the hearing of evidence the court entered its judgment on November 14, 1970, and found that both parents were fit and proper persons to have the custody of the children and that the best interests of such children require that they spend more time with both of their natural parents. The court further found that "The petitioners (appel-

lees herein) have failed to show such change of conditions since the entry of the Court's prior judgment concerning the custody of such children to warrant a change of permanent custody of said children," and ordered that the care, custody and control of said children remain with their father, Ronald Kay Simpkins. Also, the court's order contained the following:

"It is further ordered, adjudged and decreed by the Court that the respondent, Ronald Kay Simpkins, deliver said minor children to the home of petitioners, Sue Shaw and Robert E. Shaw, in Tarrant County, Texas, upon the 1st day of December, A.D., 1970, and said children will there reside with petitioners until the 1st day of August, A.D. 1971, upon which day said children will be delivered by petitioners to the home of respondent in Cottle County, Texas."

The appellant has appealed from the portion of the judgment ordering the children delivered to the appellees to reside in their home for the eight month period, December 1, 1970, to August 1, 1971. In this appeal appellant has assigned five points of error which are considered together. He contends that (1) the court erred in ordering that the children be delivered to the home of appellees to remain with them for the eight month period; (2) there is no evidence to support such order granting custody to appellees for the eight month period; (3) the court erred in changing the prior custody order after finding no change of conditions subsequent to such prior judgment; (4) the court abused its discretion in changing the prior custody order after finding no change of conditions subsequent thereto; and (5) there is no evidence to support the judgment splitting custody of such minor children.

It is well established in this state that the petitioners have the burden of making a sufficient showing of material changes in conditions and circumstances affecting the best interests of the children in order to justify a change or. modification in a custody order previously entered by the court. Short v. Short, 163 Tex. 287, 354 S.W.2d 933 (1962); Knowles v. Grimes, 437 S.W.2d 816 (Tex.1969); Fatheree v. Eddleman, 363 S.W.2d 784 (Tex. Civ.App.—Amarillo 1962, no writ). Also see 20 Tex.Jur.2d 691, Divorce and Separation, § 370, and cases cited. After hearing the evidence in this case and evaluating its weight and credibility, the trial court made the finding that appellees "failed to show such a change of conditions since the entry of the court's prior judgment to warrant a change of the permanent custody of said minor children." Although the court found that the children had been visiting regularly with appellee and the maternal grandparents, in its apparent effort to provide for the children to spend more time with *both* of their natural parents, it ordered an extended visitation period of eight months. It is further noted that the court's order provided for "reasonable visitation" for the father during the eight month period. After reviewing the entire record in this case, including the court's finding of no material change of conditions warranting a change of custody, we hold that such extension of visitation for eight months constituted an ineffective and unauthorized change of the original decree with respect to the custody of the children. Smith v. Clements, 424 S.W.2d 326 (Tex. Civ.App.—Amarillo 1968, writ ref'd n. r. e.); Eddins v. Tarvin, 429 S.W.2d 689 (Tex.Civ.App.—Tyler 1968, no writ); Leaverton v. Leaverton, 417 S.W.2d 82 (Tex.Civ.App.—Dallas 1967, writ ref'd n. r. e.). In effect, the order not only changed but also divided the custody. It is well established that the division of the custody of minor children *between the parents* is not supportable except under unusual circumstances making it absolutely necessary with no other reasonable alternative. Huffman v. Huffman, 408 S.W.2d 248 (Tex.Civ.App.—Amarillo 1966, no writ); Martin v. Martin, 132 S.W.2d 426, 428 (Tex.Civ.App.—Waco 1939, no writ). Also, it has been held that any change in existing visitation privileges under a pre-

vious custody order is authorized only upon the court's finding of changed conditions warranting such change. Heard v. Bell, 434 S.W.2d 222 (Tex.Civ.App.—El Paso 1968, no writ).

We have carefully considered the authorities cited by appellees, including Leithold v. Plass, 413 S.W.2d 698 (Tex.1967); Herrera v. Herrera, 409 S.W.2d 395 (Tex. 1966); Hightower v. Nocedal, 429 S.W.2d 657 (Tex.Civ.App.—Houston (14th District) 1968, no writ); Blair v. Blair, 434 S.W.2d 943 (Tex.Civ.App.—Dallas 1968, no writ), and Donley v. Hunter, 426 S.W. 2d 250 (Tex.Civ.App.—Houston (1st District) 1968, no writ). In general, these cases support the proposition that the findings and judgment of the trial court pertaining to conditions affecting the welfare of the children in child custody matters should be sustained, unless there is a showing of abuse of discretion on the part of the court. We hold that the instant case is distinguishable not only on the facts but also upon the express findings of the court with respect to the absence of the requisite evidence concerning changed conditions. Also, the action of the court in extending the visitation to a period of eight months after finding no material changes in conditions since the original custody order does not come sufficiently within the purview of the holdings in the cases above cited by appellees to justify a decision that the court's action in this case should be sustained as a proper exercise of the court's discretionary power.

In view of the evidence and the court's findings and in the light of the authorities deemed as controlling in this case, we have determined that appellant's assignments of error should be sustained. We hold, therefore, that the order of the court was in effect an unauthorized change of custody and requires a reversal of the judgment of the trial court insofar as it orders the appellant to deliver the minor children to appellees' home to reside for the period from December 1, 1970, to August 1, 1971. Otherwise the judgment of the trial court is affirmed.

Reversed in part and affirmed in part.