**Richard O. WERLEIN, Appellant,**

v.

**Christina Van Doorninck WERLEIN, Appellee.**

**No. 01–82–0648–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 5, 1983.

Dan Hennigan, Houston, for appellant.

Robert J. Montgomery, Houston, for appellee.

Before EVANS, C.J., and DOYLE and COHEN, JJ.

## OPINION

COHEN, Justice.

This appeal results from a post-divorce trial upon appellee's motion to modify the existing decree so as to name her the managing conservator, instead of appellant. After a hearing, the District Court entered an order that significantly modified the portion of the divorce decree which designated the managing conservator, provided for child support, set the terms and conditions for access to and possession of the children, and prescribed the relative rights, duties and powers of the managing conservator.

We reverse the judgment and render judgment that appellee take nothing and pay costs of the suit in this court and the court below.

■ Although this case is before us without a statement of facts, we hold, based upon the court's order alone, that the court abused its discretion in modifying its prior order. The portion of the order appealed from which compels us to reach this conclusion states:

"The Court is of the opinion and finds that there has been *no* material and substantial change in the circumstances of the children, child or parent since the entry of the last decree. (signed 27 February 1979); that the retention of Richard O. Werlein (and John Corcoras, the temporary managing conservator) would *not* be injurious to the welfare of the child or children; and that the appointment of a new managing conservator would *not* be a positive improvement for the child or children. Nevertheless, the court feels that both children should continue to live with the petitioner, their mother (appellee) and accordingly makes the following orders in this decree: ..." (emphasis added)

The court then drastically modified the prior decree of February 27, 1979, which had appointed appellant as managing conservator, had given him the permanent care, custody, and control of the two children of the marriage, and had given visitation to appellee only on terms agreeable to appellant. Under the modified order, the children were to live with appellee at all times except the second, third, fourth, and fifth weekends of the month, and appellant

was required for the first time to pay child support to appellee. Despite these drastic changes, the order, as modified, retained appellant as managing conservator and appointed appellee as possessory conservator. The prior order had not named appellee as possessory conservator.

The District Court may modify the portion of a decree that provides for the support of a child, sets the terms and conditions for access to or possession of a child, or prescribes the relative rights, privileges, duties, and powers of conservators, only if the circumstances of the child or a person effected by the decree to be modified have materially and substantially changed since the entry of the decree. Tex.Fam.Code Ann. § 14.08(c)(2) (Vernon Supp.1982). Absent such evidence, the court lacks power to modify a decree. In *Watts v. Watts,* 563 S.W.2d 314, 316 (Tex.Civ.App.—Dallas 1978, writ ref'd n.r.e.) the court stated:

> The requirement of the change in circumstances is predicated on the doctrine of res judicata. The policy behind this requirement is to prevent constant litigation with respect to the children, which, of course, would not be to the childrens' best interest.

Other courts have reached the same result in cases under § 14.08(c)(1). *Ogrydziak v. Ogrydziak,* 614 S.W.2d 474, 477 (Tex.Civ.App.—El Paso 1981, no writ); *D.W.D. v. R.D.P.,* 571 S.W.2d 224, 226 (Tex.Civ.App.—Fort Worth 1978, writ ref'd n.r.e.); *Davis v. Duke,* 537 S.W.2d 519, 521 (Tex.Civ.App.—Austin 1976, no writ); *Blair v. Blair,* 434 S.W.2d 943, 946 (Tex.Civ.App.—Dallas 1968, no writ); and under § 14.08(c)(2). *Moreland v. Moreland,* 589 S.W.2d 828 (Tex.Civ.App.—Dallas 1979, writ dism'd); *Williams v. Williams,* 624 S.W.2d 633 (Tex.App.—Houston [14th Dist.] 1981, no writ); *Strauss v. Strauss,* 619 S.W.2d 18 (Tex.Civ.App.—Corpus Christi 1981, no writ).

Appellee contends that no error was made because there was no change of managing conservator made and, therefore, the point is moot. We disagree. Although no nominal change in the identity of the managing conservator was made, the appellant was entirely stripped of his function as managing conservator and permanent care, custody, and control of the children was changed and placed in appellee, who was designated as possessory conservator. Further, although still named the managing conservator, the appellant was required for the first time to pay child support. This is clearly a significant change in the portion of the decree designating the managing conservator and constitutes a defacto change, no matter what the court has labeled it. We will rule according to the contents of the lower court's order, not the nomenclature of its labels.

Furthermore, the order makes the changes described by § 14.08(c)(2). Since the court found that no change had occurred in anyone's circumstances, the drastic modifications in this order constitute a clear abuse of discretion.

Appellant's points of error one through four are sustained.

In point of error number five, appellant argues that the court erred by failing to award him court costs, as authorized by Rule 131, Tex.R.Civ.P. As a result of our disposition of this case, appellant is the successful party. Judgment is hereby rendered in his favor for court costs in this court and the court below. Rule 448, Tex.R.Civ.P.

Point of error number five is sustained.

The judgment of the District Court is reversed and judgment is hereby rendered that appellee take nothing; the order signed July 21, 1982, is vacated and set aside; the order of February 27, 1979, shall remain in full force and effect; and appellant shall recover from appellee all costs of court expended in this court and the court below, for which let execution issue.