**Eddie DALTON, Appellant,**

v.

**Donna Dalton DOHERTY, Appellee.**

**No. 2–83–170–CV.**

Court of Appeals of Texas,
Fort Worth.

May 24, 1984.

Jerry Buckner, Weatherford, for appellant.

Randall K. Hill, Graham, for appellee.

Before FENDER, C.J., and HUGHES and JOE SPURLOCK, II, JJ.

## OPINION

FENDER, Chief Justice.

This is an appeal from a trial court order modifying the terms and conditions of the parties' possession of and access to their two minor children.

We reverse and remand.

The record reflects that the appellant, who is the father of the children, and the appellee, the children's mother, were divorced in March 1980. The decree recited that the parties had entered into a written agreement for conservatorship and support of the children and that the court found this agreement to be in the best interest of the children. Under the decree, the father was appointed managing conservator of both children with the right to possession of the children "half the time" and the mother was appointed possessory conservator with the right to possession of the children "half the time."

From the entry of the decree until approximately August 1982, the children resided with the father and visited with their mother certain evenings and on weekends.[1] In August 1982, the parties began a week-by-week custody arrangement, whereby each parent had possession of both children for a week at a time. The children experienced difficulty with the arrangement, and early in 1983 the daughter refused to continue to go to her mother's home.

The father then filed a motion to modify the court's original decree requesting "that the terms and conditions for access to or possession of the children be specified by the Court." A hearing on this motion commenced on April 20, 1983. However, prior to the completion of the testimony, the trial court stopped the proceedings and ordered the preparation of a social study. Temporary orders providing for visitation by the mother were entered on May 17, 1983.

On July 7, 1983, the hearing on the father's motion was resumed and testimony was given by the father, the mother, and a counselor who had been working with the children at the father's request. All the witnesses testified that the week-by-week custody arrangement was unworkable, and generally agreed that specification of regular times for visitation was needed. Although neither party sought to introduce the social study ordered by the trial court, the court stated that it thought "the social study outline[d] a solution to this [the visitation] problem." The court then ordered that the mother, who was still denominated as possessory conservator, was to have possession of the older child on odd weekends and the younger child "at all times except even weekends of each month." The court further ordered that the father was to have possession of the younger child during these weekends.

In a single point of error, the father asserts that the trial court erred in entering the modification order because the order amounted to a change of managing conservatorship of the younger child, and there was no evidence to support such a change. The mother, however, contends that the parties were *joint* managing conservators under the divorce decree and thus the court's order was not a *change* of managing conservatorship of the younger child but merely a specification of the mother's rights as a joint managing conservator.

■ We reject the mother's contention that the parties were joint managing conservators of the children. The divorce decree, while reciting the existence of an agreement between the parties for conservatorship and support of the children, did *not* state that the parties had agreed to be *joint* managing conservators. On the contrary, the decree appointed the father as managing conservator of both children, and appointed the mother possessory conservator with more limited rights and authority with respect to the children. Since the decree provided that the father was to have greater authority over the children than

---

1. Immediately following the divorce, the mother moved away. The mother's visitation with the children commenced when she moved back in November 1981.

the mother, it is clear that no joint managing conservatorship was created.

■ Having determined that the parties were not joint managing conservators, we must next consider the nature of the trial court's modification order. We must decide whether it was a mere modification of the mother's visitation rights as possessory conservator or whether it effectively changed the managing conservatorship of the younger child from the father to the mother. The original order, though providing for liberal visitation rights of the mother, established the father as managing conservator of *both* children. Although no nominal change in the identity of the managing conservator was made in the modification order, it granted the mother possession of the child *at all times except even weekends.* Thus, the order operated to completely deprive the father of his function as managing conservator of the younger child. *See Werlein v. Werlein,* 652 S.W.2d 538, 540 (Tex.App.—Houston [1st Dist.] 1983, no writ). The order therefore constituted a de facto change of managing conservatorship of the younger child, and may be upheld only if there is evidence to support such a change. TEX.FAM.CODE ANN. sec. 14.08(c)(1) (Vernon Supp.1984).

■ Under the provisions of sec. 14.-08(c)(1) and TEX.FAM.CODE ANN. sec. 14.07(a) (Vernon 1975), the court may modify a prior order that designates a managing conservator upon determination that such a change is in the best interest of the child and upon a showing of the following: 1) that the circumstances of the child, managing conservator, possessory conservator, or other party affected by the order have materially and substantially changed since the entry of the prior order; 2) that retention of the present managing conservator would be injurious to the welfare of the child; and 3) that the appointment of a new managing conservator would be a positive improvement for the child. Generally, the latter two statutory requisites need be proved only by a preponderance of the evidence. *Ogrydziak v. Ogrydziak,* 614 S.W.2d 474, 477 (Tex.Civ.App.—El Paso 1981, no writ). However, where, as here, the order not only effects a change of managing conservatorship but operates to divide the custody of the children between the parents, such order is supportable only upon a showing of clear and compelling reasons justifying such a division of custody. *O. v. P.,* 560 S.W.2d 122, 127 (Tex.Civ. App.—Fort Worth 1977, no writ); *Ex parte Simpkins,* 468 S.W.2d 908, 909 (Tex.Civ. App.—Amarillo 1971, no writ).

■ After a thorough review of the record, we find evidence of a material and substantial change in the circumstances of the parties. However, the record contains no evidence to support a finding that the retention of the father as managing conservator would be injurious to the welfare of the younger child and that appointment of the mother as managing conservator would be a positive improvement for the child. There is a similar lack of evidence that such a change would be in the best interest of the younger child.

It is apparent from the trial court's concluding statements at the hearing that he had considered and, in fact, relied upon the social study in his disposition of the father's motion to modify. However, the study was not made a part of the record in this case despite the clear mandate of TEX. FAM.CODE ANN. sec. 11.12(c) (Vernon Supp.1984). On the record before us, the trial court's order effecting a change of managing conservatorship of the younger child is not supported by the evidence. No clear and compelling reasons have been shown to justify the division of custody of the two children.

Accordingly, we reverse the order of the trial court modifying the prior decree and remand for proceedings not inconsistent with this opinion.