**Kristi Rae RAMSEY, Appellant,**

v.

**William Robert RAMSEY, Sr., Cross-Appellant.**

No. 09–84–373 CV.

Court of Appeals of Texas, Beaumont.

April 3, 1986.

John Henry Tatum, Tatum & Tatum, Lufkin, for appellant.

Wayne D. Haglund, Warner, Cassels, Haglund & Clark, Lufkin, for cross-appellant.

## OPINION

DIES, Chief Justice.

In October, 1981, William Robert Ramsey, Sr., as petitioner, brought suit for a divorce from his wife, Kristi Rae. They have a son, William, Jr., born October 26, 1980. Respondent answered and brought a cross action; the only issue involved was managing conservatorship of the child.

On August 24, 1982, the trial court granted the parties a divorce and decreed that each should be a joint managing conservator. Petitioner (father) was given possession of the child for the months of July, September, November, January, March, and May of each year along with other temporary visitations. Respondent (mother) was awarded possession for the months of June, August, October, December, February, and April of each year. Petitioner was ordered to pay respondent $120 monthly support during the months she had the child.

In January, 1984, the father, as "movant" (original petitioner), brought suit to modify the original order alleging a change in condition. The mother, respondent originally, answered and prayed for full managing conservatorship, likewise alleging a change in condition from the original order. Social studies from the Texas Department of Human Resources—ordered by the court—recommended that the mother be awarded managing conservator of the child. Neither report, however, found anything derogatory about the father.

On July 20, 1984, the trial court wrote the attorneys involved: "After having reviewed the evidence and the exhibits in this case I am of the opinion that an Order of Joint Conservatorship should not be modified...." On August 20, 1984, he wrote the attorneys, "In this case both of you sought a modification of the custody as-

pect. I have made no change and do not want any finding as to a material and substantial change of conditions."

On the 30th of August, 1984, the judge signed an "Order Modifying Prior Order" which, inter alia, made the following changes:

1. Joint managing conservatorship by the parents is in the best interest of the child.

2. "There has been a material and substantial change of circumstances of the child and of the parent of the child as it relates to the terms and period of possession and support of the child."

3. The court then changed the mother's possession of the child to: two weekends of each month, two weeks in June, two weeks in July, and one week in August.

Except for Christmas visitation, all other possession of the child was awarded the father. The previous order concerning the father's obligation for support was ended, and the mother was ordered to pay $120 per month through the registry of the court at Lufkin. It is from this order the mother has perfected appeal to this court.

Appellant (mother) contends: The trial court de facto changed managing conservatorship without finding a change in conditions; that the trial court's order does not comply with *TEX.FAM.CODE ANN. sec. 14.08;* that his subsequent order finding a change of circumstances as relating to possession conflicts with his finding of no change of condition as it relates to management conservatorship; petitioner (father) had requested a change in management conservator but did not ask for a modification of visitation terms.

Before a court may modify the portion of a decree that provides for the support of a child or the appointment of a conservator or that sets the terms and conditions of conservatorship for, support for, as access to a child, *TEX.FAM.CODE ANN. sec. 14.08* requires certain findings. *See sec. 14.08(c)(1)* (Vernon Pamph Supp. 1975–1985). The burden on the movant is quite onerous. *Armstrong v. Armstrong*, 601 S.W.2d 724,

725 (Tex.Civ.App.—Beaumont 1980, writ ref'd n.r.e.).

Our Supreme Court in *Jones v. Cable,* 626 S.W.2d 734, 736 (Tex.1981), wrote as follows:

"Section 14.08(c)(1) can be paraphrased into three inquiries: before a court can modify a custody order, there (1) must be a change in the circumstances of the child *or parent* so material and substantial that (2) retention of the present managing conservator would be injurious to the welfare of the child and (3) the appointment of a new managing conservator would be a positive improvement for the child." (emphasis in opinion)

In the case we review, the court has formally retained joint conservatorship of the father and mother but the modification is quite far reaching. Instead of the father making support contributions, the mother is now delegated. And her rights to possession of the child are materially altered.

*Werlein v. Werlein,* 652 S.W.2d 538 (Tex.App.—Houston [1st Dist.] 1983, no writ), is an interesting case and persuasive in our evaluation of the case we review. In *Werlein,* the case was before the appellate court without a statement of facts. However, the trial court's order, which found that no material and substantial change had occurred since his prior order, then went on to drastically modify the previous order as to possession and support of the children. In reversing the trial court's modification, the court had this to say:

"This [the modification] is clearly a significant change in the portion of the decree designating the managing conservator and constitutes a defacto change, no matter what the court has labeled it. *We will rule according to the contents of the lower court's order, not the nomenclature of its labels.*" (emphasis supplied)

*Werlein, supra* at 540. The court then vacated the modification order and reinstated the original order. *See also Dalton v. Doherty,* 670 S.W.2d 422 (Tex.App.—Fort Worth 1984, no writ), which cites *Werlein* with approval.

In the case at bar, the only evidence before us is a deposition of the mother. This deposition certainly does not show a material change of circumstances to justify the modifications made by the trial court. Therefore, there being no evidence to support the modified order of the trial court, we sustain Appellant's (mother's) first point of error, reverse the trial court's modified order, vacate the same, and reinstate his original judgment and order.

REVERSED AND RENDERED.