ROTAN V. GIBSON 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-610-CV





DAVID RUSSELL ROTAN,



 
 APPELLANT


vs.





GINA SHEA GIBSON,



 APPELLEE



 




FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT



NO. FA90-1203-A, HONORABLE JOHN E. SUTTON, JUDGE PRESIDING



 




 Gina Gibson, appellee, filed a motion to modify a prior order appointing her and
her ex-husband, David Rotan, appellant, joint managing conservators of their son, Daniel Rotan. 
Specifically, Gibson sought appointment as Daniel's sole managing conservator. The district
court did not appoint Gibson sole managing conservator, but it did substantially modify the joint
conservatorship arrangement in her favor. Rotan appeals, advancing two points of error. He
argues that: (1) the order must be reversed because it does not conform to the pleadings, and (2)
the district court made an improper "de facto" modification of the conservatorship arrangement. 
We will overrule both points of error and affirm the trial court's order.



BACKGROUND


 David Rotan and Gina Gibson were divorced on February 15, 1991. The divorce
decree appointed Rotan and Gibson joint managing conservators of their only child, Daniel Rotan,
then two years old. Rotan was granted physical custody of Daniel, and Gibson was ordered to
pay child support in the amount of $50.00 per month.

 On October 19, 1992, Gibson filed a motion to modify this arrangement. Citing
material and substantial changes in the child's circumstances, and asserting that retention of the
original joint conservatorship arrangement would be injurious to the welfare of the child, Gibson
requested to be appointed Daniel's sole managing conservator. Following a hearing in June and
July 1993, the district court declined to appoint Gibson sole conservator, but did substantially
modify the terms of the joint conservatorship arrangement in her favor. By an order dated August
6, 1993, the court ordered that Gibson have physical possession of Daniel and ordered Rotan to
pay child support to Gibson in the amount of $54.00 per week. It is from this order that Rotan
appeals.



DISCUSSION


 In his first point of error, Rotan argues that the district court's order must be
reversed because it does not conform to the pleadings, as required by Texas Rule of Civil
Procedure 301. The only specific relief mentioned in Gibson's motion to modify was her
appointment as Daniel's sole managing conservator. Rather than choose between the status quo
and a sole managing conservatorship, however, the district court ordered a substantially modified
joint conservatorship arrangement. Rotan maintains that this deviation from the pleadings violates
Rule 301 and warrants reversal of the order.

 The modification of a joint conservatorship and the replacement of a joint
conservatorship with a sole conservatorship are governed by separate statutory provisions. Tex.
Fam. Code. Ann. §§ 14.081(c), (d) (West Supp. 1994). These provisions create different legal
standards for the two measures. Id. Because the district court ordered a modification of the joint
conservatorship rather than its replacement with a sole conservatorship, then, its order is based
on a different legal standard from that required for the specific relief Gibson referred to in her
pleadings. This duality is the focus of our inquiry.

 A litigant's defense strategy will, of course, depend on the applicable law. The
legal standards set forth in sections 14.081(c) and (d) define the conditions under which a
respondent can expect to prevail. The application of these standards to the available evidence
guides the litigant's appraisal of the case and decisions about how to proceed. Consequently, the
substitution of one legal standard for another at the judgment stage can potentially deprive a
litigant of a fair opportunity to defend himself by, in effect, changing the rules after the game has
been played. Such a shift may, under some circumstances, be so prejudicial that the judgment
must be reversed. (1) We conclude, however, that those circumstances are not present in this case. 

 The function of pleadings is to ensure that the opposing party has fair notice of the
relief sought and sufficient information to enable him to prepare a defense. Stoner v. Thompson,
578 S.W.2d 679, 683 (Tex. 1979); Roark v. Allen, 633 S.W.2d 804, 810 (Tex. 1982). 
Accordingly, the critical inquiry here is whether Gibson's pleadings afforded Rotan fair notice that
relief might be granted under section 14.081(c) instead of under section 14.081(d). We conclude
they did.

 First, Gibson's motion to modify contains a prayer for general relief, and it
contains no language that expressly excludes remedies other than her appointment as sole
managing conservator. This fact alone should have alerted Rotan to the possibility of other,
unspecified forms of relief.

 Furthermore, it is significant that the relief granted by the order is essentially a
milder form of the specific relief sought. By requesting the elimination of joint conservatorship
altogether and the appointment of Gibson as sole managing conservator, the motion to modify
clearly afforded Rotan fair notice of what was at stake. This distinguishes the present case from
one in which, for instance, a motion requesting only a modification of child support payments
results in a change in custody arrangements. Having been clearly warned that his rights as
managing conservator might be eliminated altogether, Rotan cannot now complain that the mere
reduction of those rights so took him by surprise that his defense was prejudiced.

 Finally, any "fair notice" analysis must take into account the special nature of
custody disputes. Unlike other disputes, where the court's principal function is the adjustment
of rights between the litigants, in a custody dispute the court's foremost concern is the best
interest of the child. Tex. Fam. Code Ann. § 14.07(a) (West Supp. 1994). Accordingly,
pleadings are liberally construed so that the best interests of the child are not frustrated by
technicalities. See In re Pringle, 862 S.W.2d 722, 724 (Tex. App.Tyler 1993, no writ).

 Under these circumstances, Rotan had sufficient notice of the relief granted in the
order. Modification of the joint conservatorship arrangement, rather than establishment of a sole
conservatorship, should not have come as a surprise to Rotan. We conclude the district court's
order conforms to the pleadings to the degree required by Rule 301. Rotan's first point of error
is overruled.

 In his second point of error, Rotan argues that the district court's order should be
reversed as an improper "de facto" modification of the conservatorship arrangement. He relies
principally on two cases, Werlein v. Werlein, 652 S.W.2d 538 (Tex. App.Houston [1st Dist.]
1983, no writ), and Ramsey v. Ramsey, 707 S.W.2d 724 (Tex. App.Beaumont 1986, no writ). 
In both instances his reliance is misplaced.

 Like the present case, Werlein involved a motion to modify the conservatorship
arrangement established by a divorce decree. Werlein, 652 S.W.2d at 539. In Werlein, however,
the district court found that there had been no material and substantial changes in the
circumstances of the children or the parents; that retention of the original conservatorship
arrangement would not be injurious to the children; and that the proposed modification would not
be a positive improvement for the children. Id. at 539. Despite these findings, the court rendered
an order that retained the nomenclature of the prior order (i.e., the original managing conservator
was still designated as such), but which radically changed custody and child support arrangements. 
Id. at 539-40. The court of appeals reversed, holding that the district court's order could not be
supported by its findings. The court concluded that even though the order made no nominal
change in the identity of the managing conservator, it was still subject to the usual statutory
requirements for modifications of conservatorship arrangements. Id. at 540. Under section 14.08
of the Texas Family Code, which governed such orders at the time, a court could modify a
conservatorship arrangement only if the circumstances of the child or a person affected by the
decree to be modified had materially and substantially changed since the entry of the decree. Id. 
The district court found that no such change had occurred. Id. at 539. Consequently, the trial
court's order was reversed even though it effected only a "de facto" modification of the
conservatorship arrangement rather than an express modification. Id. at 540.

 The second case on which Rotan relies, Ramsey v. Ramsey, involved facts similar
to Werlein, and the court followed the reasoning of that decision. Ramsey, 707 S.W.2d at 725-26.

 Werlein and Ramsey do not stand for the proposition that courts cannot make "de
facto" modifications of conservatorship arrangements. Rather, these cases hold only that such 
modifications are subject to the same prerequisites as express modifications. In the present case,
the district court made the requisite findings. Section 14.081(c) of the Texas Family Code
provides:



After a hearing, the court may modify the terms and conditions of an existing joint
conservatorship decree if:


(1) (A) the circumstances of the child or one or both joint managing
conservators have materially and substantially changed since the
rendition of the decree to be modified; or


 (B) the decree has become unworkable or inappropriate under existing
circumstances; and


(2) a modification of the terms and conditions of the decree would be a positive
improvement for and in the best interest of the child.



Tex. Fam. Code Ann. § 14.081(c) (West Supp. 1994). The district court found that the
circumstances of both managing conservators had materially and substantially changed since the
rendition of the divorce decree, thereby satisfying subsection (1); and that a modification of the
divorce decree's custody arrangements would be a positive improvement for and in the best
interest of Daniel, thereby satisfying subsection (2). Thus, unlike the courts in Werlein and
Ramsey, the district court in the present case complied with the governing statute. Therefore, the
trial court did not abuse its discretion. Appellant's second point of error is overruled.

 Gibson advances two cross-points of error. The first of these is expressly
conditioned on a reversal of the district court's judgment. Because we will affirm that judgment,
we do not reach appellee's first cross-point.

 By her second cross-point, Gibson contends that she is entitled to recover costs of
court, both in the district court and before this Court. Regarding costs in the district court
unrelated to this appeal, Gibson cites Texas Rule of Civil Procedure 131, which provides that the
successful party to a suit shall recover her costs. However, as the costs in question relate to a
motion rather than a suit, Texas Rule of Civil Procedure 133 governs. Rule 133 provides that a
court "may give or refuse costs on motions at its discretion, except where otherwise provided by
law or these rules." Tex. R. Civ. P. 133. Gibson did not fully prevail on her motion. We
conclude that allowing the parties to bear their own costs was within the district court's discretion.

 Regarding costs on appeal, such costs will be assessed against Rotan because his
appeal was unsuccessful. See Tex. R. App. P. 82; Tex. R. Civ. P. 139. We overrule Gibson's
second cross-point.

 The order of the district court is affirmed.



 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: September 28, 1994

Do Not Publish

1.   For instance, suppose that a plaintiff pleads a cause of action that requires proof of
four elements, A, B, C, and D, and that the defendant refuses to settle the case based on
a strong belief that she can prevail on element D. The case goes to trial, with the result
expected by the defendant: the plaintiff proves elements A, B, and C, but fails to prove
element D. If at this point the court awards relief to Plaintiff based on an unpleaded
theory of recovery that requires proof only of A, B, and C, the defendant might plausibly
argue that her ability to defend herself was unfairly prejudiced by this unforeseen shift in
standards.