**Daniel Edward BEABER, Appellant,**

v.

**Susan Letner BEABER, Appellee.**

No. 14–97–01259–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

June 4, 1998.

Rehearing Overruled July 9, 1998.

Logene L. Foster, Sugar Land, for appellants.

Daniel Jake Lemkuil, Houston, for appellees.

Before MURPHY, C.J., and HUDSON and DRAUGHN, *JJ.

## OPINION

MURPHY, Chief Justice.

This is an appeal of the trial court's dismissal for want of jurisdiction of a motion to modify in a suit affecting the parent-child relationship. In April 1997, appellant filed the motion to modify, asking the court to grant him primary possession of the child and the right to establish the child's domicile. The appellee filed a plea to the jurisdiction of the trial court, alleging the court was without subject matter jurisdiction to make the requested modifications. The trial court granted appellee's plea and the appellant appealed. We reverse and remand the case for a determination on the merits of appellant's motion.

## Discussion

The trial court entered a decree of divorce between appellant and appellee in 1991 and appointed them joint managing conservators of their only child. The appellee was designated as the party with primary possession of the child with the sole legal right to determine the residence of the child. At the time appellant filed his motion to modify in the suit affecting the parent-child relationship, the child had been residing in Colorado for one and a half years. Appellant, a resident of Texas, did not contest the fact that Colorado was now the child's "home state,"[1] but argued the requested modifications were not a "custody" modification which would divest Texas courts of jurisdiction.

Appellant argues the trial court retains jurisdiction, under Texas law, to modify the primary possession and the right to establish the domicile of a child even though the child resides in a new home state. He asserts that by requesting changes in the primary possession and right to establish the domicile of the child he was only requesting a modification of "visitation"—defined as "possession of or access to a child." See Tex. Fam.Code Ann. § 152.002(11) (Vernon 1996).

■ Appellant is correct in asserting the trial court possesses continuing jurisdiction to address modifications of the "possession of and access to" the child. See Welborn–Hosler v. Hosler, 870 S.W.2d 323, 327 (Tex. App.—Houston [14th Dist.] 1994, no writ); Hemingway v. Robertson, 778 S.W.2d 199, 201–02 (Tex.App.—Houston [1st Dist.] 1989, no writ). The trial court obtained continuing, exclusive jurisdiction as to the suit affecting the parent-child relationship when it entered the final order incident to the divorce decree. See Tex. Fam.Code Ann. § 155.001(a) (Vernon 1996); Brines v. McIlhaney, 596 S.W.2d 519, 523 (Tex.1980). Section 155.003 of the Family Code sets out the trial court's authority to exercise its continuing jurisdiction:

§ 155.003. Exercise of Continuing, Exclusive Jurisdiction

(a) Except as otherwise provided by this section, a court with continuing, exclusive jurisdiction may exercise its jurisdiction to modify its order regarding managing conservatorship, possessory conservatorship, *possession of and access to the child,* and support of the child.

(b) A court of this state may not exercise its continuing, exclusive jurisdiction to modify *managing conservatorship* if:

(1) the child's home state is other than this state; or

---

* The Honorable Joe L. Draughn sitting by assignment.

1. "Home state" is defined by the Uniform Child Custody Jurisdiction Act ("UCCJA"), enacted as chapter 152 of the Texas Family Code, as "the state in which the child, preceding the time involved, lived with the child's parents, a parent, or a person acting as parent for at least six consecutive months and, in the case of a child less than six months old, the state in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of any of the named persons are counted as part of the six-month or other period." Tex. Fam.Code Ann. § 152.002(6) (Vernon 1996).

(2) modification is precluded by Chapter 152.

(c) A court of this state may not exercise its continuing, exclusive jurisdiction to modify possessory conservatorship or *possession of or access to a child* if:

(1) the child's home state is other than this state *and all parties have established and continue to maintain their principal residence outside this state;* or

(2) each individual party has filed written consent with the tribunal of this state for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction of the suit.

TEX. FAM.CODE ANN. § 155.003(a)-(c) (Vernon 1996) (emphasis added). The statute clearly distinguishes the concepts of managing conservatorship and "possession of or access to a child." *See Welborn–Hosler v. Hosler,* 870 S.W.2d at 327–28. *Compare* TEX. FAM.CODE ANN. § 152.002(2) (Vernon 1996) (defining "custody"), *with* TEX. FAM.CODE ANN. § 152.002(11) (defining "visitation").

■ The record demonstrates that neither of the conditions limiting the trial court's *continuing, exclusive jurisdiction on the issues* of possession of and access to the child applies. *See* TEX. FAM.CODE ANN. § 155.003(c). Thus, we must determine whether the appellant's request for the trial court to grant him primary possession and the right to establish the child's domicile is a proceeding to modify possession of or access to the child. As to the appellant's request for primary possession of the child, we believe the plain meaning of the statute gives the trial court jurisdiction to address appellant's requested modification. *See* TEX. FAM.

CODE ANN. § 155.003(a); *see also Welborn–Hosler v. Hosler,* 870 S.W.2d at 324, 327–28 (holding Texas court had jurisdiction to modify parent's visitation rights to the standard possession for parents living more than 100 miles apart).

We believe appellant's request for the right to establish the child's domicile also falls under the statutory rubric of "possession of or access to" the child.[2] The Family Code clearly delineates the right to determine a child's domicile as a lesser right of a joint managing conservatorship. *See* TEX. FAM.CODE ANN. §§ 153.071, 153.133, 153.136 (Vernon 1996). Thus, in modifying the right to establish the child's domicile, and like a modification in which parent has primary possession, the court would not be modifying the managing conservatorship because both parents retain their status as joint managing conservators of the child. *See* TEX. FAM. CODE ANN. § 153.073 (Vernon 1996). Moreover, the right to establish the child's domicile appears to be inherently incident to the primary possession of a child where both parents are managing conservators. *Cf.* TEX. FAM.CODE ANN. § 155.137 (Vernon 1996) (providing "[t]he standard possession order constitutes a presumptive minimum amount of time for possession of a child by a parent named as a joint managing conservator who is not awarded the primary physical residence of the child in a suit").

■ Appellee contends the Parental Kidnapping Prevention Act of 1980 ("PKPA"), 28 U.S.C. § 1738A, which takes precedence over state law when two states have concurrent jurisdiction over a child's status, see *In the Interest of S.A.V.,* 837 S.W.2d 80, 87–88 (Tex. 1992), removes the Texas trial court's jurisdiction over the proceeding. The PKPA,

2. We are aware of the decision in *Oliver v. Boutwell,* where the Dallas Court of Civil Appeals held that a father's request for increased visitation rights, not even on par with the changes requested in the present case, was so extensive as to constitute a motion to modify conservatorship. *See* 601 S.W.2d 393, 394–95 (Tex.Civ.App.—Dallas 1980, no writ); *see also Ramsey v. Ramsey,* 707 S.W.2d 724, 725–26 (Tex.App.—Beaumont 1986, no writ) (holding "far reaching" modifications in possession constituted a *de facto* change in the managing conservatorship and reversing the trial court because of the father's failure to show a material change of circumstances to justify the modifications). We note the *Oliver* holding is distinguishable, however, because the parents were not joint managing conservators, as in the instant case. Furthermore, we decline to make a qualitative judgment, as to what is or is not a request extensive enough to modify "conservatorship," when the statutes of the Family Code provide apparent distinctions. *Compare* TEX. FAM.CODE ANN. § 156.202 (Vernon 1996) ( statute providing for "Modification of *Terms and Conditions* of Joint Managing Conservatorship") (emphasis added), *with* TEX. FAM.CODE ANN. § 156.301 (Vernon 1996) (statute providing "Grounds for Modification of *Possession and Access* ") (emphasis added).

however, actually supports appellant's assertion of jurisdiction in the trial court. The act provides, in pertinent part

(d) The jurisdiction of a court of a State which has made a child custody determination consistently with the provisions of this section *continues* as long as the requirement of subsection (c)(1) of this section continues to be met and such State remains the residence of the child or of *any contestant.*

28 U.S.C. § 1738A(d) (emphasis added). It was uncontested that appellant remained a resident of Texas, where a prior custody determination consistent with the PKPA had been entered. Subsection (c)(1) of the act sets out the requirement that the trial court have jurisdiction under the law of the state where the court sits. *See id.* at 1738A(c)(1). Thus, under the PKPA, the trial court has jurisdiction to address appellant's motion to modify because Texas law grants such jurisdiction, as demonstrated in our foregoing analysis, to address the motion.[3]

Therefore, we believe the trial court committed a clear abuse of discretion when it dismissed appellant's motion to modify in the suit affecting the parent-child relationship for want of jurisdiction. *See Coots v. Leonard,* 959 S.W.2d 299, 301 (Tex.App.—El Paso 1997, no writ). We reverse the trial court's decision and remand the case for a determination on the merits of appellant's motion.

---

3. The statutory scheme of the PKPA sets out an interesting blueprint for cases such as the present one. To implicate the act, two states must have concurrent jurisdiction over a "custody determination," defined by the act as "a judgment, decree, or other order of a court providing for the custody or visitation of a child, and includes permanent and temporary orders, and initial orders and modifications." *See* 28 U.S.C. § 1738A(b)(3); *Welborn–Hosler v. Hosler,* 870 S.W.2d at 326–27. To have jurisdiction under the act, however, a state must have jurisdiction "under the law of such State." *See* 28 U.S.C. § 1738A(c)-(d). The statute thus sets out a scheme, at least when applied to situations such as in the present case, where a state has jurisdiction because it has jurisdiction. Admittedly, subsection (c)(2) of the act provides a list of additional conditions, one of which must be met, for jurisdiction to exist for an *original child custody determination.* Thus, in those situations, the statute appears to have set up different categories of jurisdiction—a preliminary category of jurisdiction to trigger the act, and then a category of jurisdiction under the act. Subsection (d), the provision of the act dealing with continuing jurisdiction *after an original child custody determination,* only requires, however, that the trial court (1) have jurisdiction under the law of the state where it sits, and (2) the state remains the residence of the child or of *any contestant.* In these situations, presuming at least one of the parties remains a resident of the state where the prior custody determination was made and where the proceeding is now proffered, the trial court will have jurisdiction under the PKPA if it had jurisdiction under state law in the preliminary analysis.