NUMBER 13-03-442-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

ADA CURBY (SADLER),                                                     Appellant,

v.

JOHN JAMES SADLER,                                                      Appellee.
___________________________________________________________________

On appeal from the 2nd 25th District Court
of Lavaca County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Rodriguez

         Appellant, Ada Curby, challenges a trial court order confirming an arbitration
award. By one issue, appellant contends the trial court erred in confirming the
arbitration award because the award exceeded the authority conferred upon the
arbitrator. We affirm.
I. FACTS
         As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court’s
decision and the basic reasons for it. See TEX. R. APP. P. 47.4.
         According to the final decree of divorce, both appellant and appellee, John
Sadler, were appointed joint managing conservators of their two-year-old child. 
Appellant was granted the exclusive right to establish the primary residence of the
child in Lavaca County, Texas, and granted the right to receive child support. A
temporary possession schedule was established, and both parties agreed to determine
an appropriate possession schedule once the child entered school. After the child
started school, the trial court ordered arbitration on the issue of possession in
accordance with the final decree of divorce. The trial court also granted appellee’s
motion for clarification of final decree of divorce ordering that “the arbitrator shall have
the power to award possession of the child . . . to John Sadler and Ada Curby, on
such terms as he determines to be in the child’s best interest, irrespective of residency
restriction.” Before the arbitration proceedings, the parties entered into stipulations
which were accepted and entered by the trial court. The stipulations also granted the
arbitrator the power to determine the appropriate possession schedule for the child,
irrespective of the residency restriction. Additionally, it was stipulated that the parties
would continue to be joint managing conservators.



         After the arbitration proceeding, the arbitrator determined that there had been
a material and substantial change in the child’s circumstances since the date of
rendition of the final decree of divorce and that the provisions of the arbitration award
were in the child’s best interest. The award established that both parties would
remain joint managing conservators. The award further specified the parties’
respective periods of possession and stated that the child was to attend school in the
area of appellee’s residence for 2003-2004 and all subsequent school years. The trial
court subsequently signed an order confirming the arbitration award. This appeal
ensued.
II. JURISDICTION
         As a preliminary matter, we must address whether we have jurisdiction to hear
this appeal. Appellee contends that section 171.092 of the civil practice and remedies
code was not complied with and therefore, there is no final judgment from which
appellant can appeal. See Tex. Civ. Prac. & Rem. Code Ann. § 171.092 (Vernon Supp.
2004). Section 171.092 states, in relevant part, that when a trial court grants an
order confirming an arbitration award, the court shall enter a judgment or decree
conforming to the order. Id. We note that this section sets forth a procedural
requirement of the court and compliance with this section alone does not necessarily
result in a final judgment. See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 192-93
(Tex. 2001) (When there has not been a conventional trial on the merits, a judgment
is final for purposes of appeal “if and only if either it actually disposes of all claims and
parties then before the court, regardless of its language, or it states with unmistakable
clarity that it is a final judgment as to all claims and all parties.”). We, therefore,
decline to follow appellee’s interpretation of section 171.092.
            Furthermore, after reviewing the language of the trial court’s order confirming
the arbitration award, we find that the order meets the requirement of section
171.092. The trial court’s order reads in part, “IT IS, THEREFORE, ORDERED,
JUDGED AND DECREED that the Arbitrator’s Award rendered subsequent to binding
arbitration . . . is confirmed and approved as such Arbitration Award is in the best
interest of the child . . . and the court thereby confirms and enters the Arbitration
Award as this Court’s own order.“ We construe this language to be in essence the
judgment or decree contemplated in section 171.092. Moreover, we conclude after
reviewing the record that the trial court’s order confirming the arbitration award is a
final judgment as it actually disposes of all claims and all parties. See id. Therefore,
this Court has jurisdiction.       
III. CONFIRMATION OF ARBITRATION AWARD
         In appellant’s sole issue, she contends that the trial court erred in confirming the
arbitration award because the award exceeded the authority conferred upon the
arbitrator. Specifically, appellant argues that the arbitration award constitutes a de
facto change in conservatorship which was not an issue to be determined in
arbitration. 
A. Standard of Review
         We review a trial court’s confirmation of an arbitration award de novo. Thomas
James Assoc., Inc. v. Owens, 1 S.W.3d 315, 320 (Tex. App.–Dallas 1999, no pet.). 
The trial court, on the other hand, must review an arbitrator’s award with great
deference. See Crossmark, Inc. v. Hazar, 124 S.W.3d 422, 429 (Tex. App.–Dallas
2004, pet. denied). Because arbitration awards are favored by the courts as a means
of disposing of disputes, the courts indulge every reasonable presumption in favor of
upholding the awards. In re FirstMerit Bank, N.A., 52 S.W.3d 749, 753 (Tex. 2001)
(orig. proceeding); Nuno v. Pulido, 946 S.W.2d 448, 452 (Tex. App.–Corpus Christi
1997, no writ). A mere mistake of law or fact is insufficient to set aside an arbitration
award. Nuno, 946 S.W.2d at 452. However, the trial court is required to vacate an
award if the arbitrator exceeded his power, as argued here by appellant. See TEX. CIV.
PRAC. & REM. CODE ANN. § 171.088 (a)(3)(A) (Vernon Supp. 2004).
B. AnalysisAppellant’s contention that the arbitrator exceeded his power is based on the
presumption that the change in the possession schedule constitutes a de facto change
in conservatorship. In support of this argument, appellant relies on Dalton v. Doherty,
670 S.W.2d 422 (Tex. App.–Forth Worth 1984, no writ) and Werlein v. Werlein, 652
S.W.2d 538 (Tex. App.–Houston [1st Dist.] 1983, no writ). However, we find the
facts of these two cases distinguishable. 
         In each case cited by appellant, the trial court entered an order modifying the
possession schedule which the court of appeals determined “completely deprived” or
“entirely stripped” the sole managing conservator of his function as managing
conservator. See Dalton, 670 S.W.2d at 424; Werlein, 652 S.W.2d at 540. This
case, by contrast, does not have a sole managing conservator, but instead involves a
situation in which both parents were appointed joint managing conservators.


 
Additionally, the change in the possession schedule in this case was the result of an
arbitration proceeding agreed to by both parties and did not have the effect of
“completely depriving” or “entirely stripping” either joint managing conservator of his
or her function. There has been no drastic modification of appellant’s function as joint
managing conservator as found in Dalton and Werlein. Therefore, we decline to follow
these two cases, and find that the arbitration award did not constitute a de facto
change in conservatorship.
         Moreover, after reviewing the record, we find that the arbitrator did not exceed
his power in rendering the arbitration award. According to the trial court’s order on
appellant’s motion for clarification and the stipulations of the parties, the arbitrator
was granted the power to award possession of the child on such terms as he
determined to be in the child’s best interest, irrespective of the residency restriction. 
We find nothing in the arbitrator’s award showing that he exceeded this power. Nor
do we find that the arbitrator changed the status of the parties as joint managing
conservators. Therefore, the trial court did not err in confirming the arbitration award. 
Appellant’s sole issue is overruled.           IV. CONCLUSIONAccordingly, the judgment of the trial court is affirmed.
                                                                                                
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice
 
Memorandum Opinion delivered and 
filed this 27th day of August, 2004.