OPINION



No. 04-06-00809-CV



IN RE Jennifer SANCHEZ



Original Mandamus Proceeding (1)



Opinion by: Karen Angelini, Justice


Sitting: Catherine Stone, Justice

 Karen Angelini, Justice

 Rebecca Simmons, Justice


Delivered and Filed: April 4, 2007


PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

 Jennifer Sanchez seeks a writ of mandamus to compel the trial court to vacate temporary
orders in a child custody modification suit. Because the trial court failed to apply the law properly
and Sanchez has no remedy by appeal, we conditionally grant the relief requested. 

Factual and Procedural Background

 Sanchez is the mother of three-year-old J.H. In June 2006, Sanchez and Priest Anthony
Holmes reached an agreement in a suit to establish the parent-child relationship between Holmes and
J.H. At the time, Sanchez was attending a vocational training program in Houston during the week
and returning to San Antonio on weekends. Meanwhile, J.H. stayed in San Antonio with Sanchez's
mother and step-father and attended daycare. Holmes, who also lived in San Antonio, was not
working due to an injury. Under the final agreed order, Sanchez had the "exclusive right to designate
the primary residence" of J.H. "without regard to geographic location." Holmes had overnight visits
with J.H. either one night or three nights per week until December 2006, when Sanchez's training
program ended. (2) Thereafter, Holmes's periods of possession would follow the standard possession
order.

 In August 2006, Sanchez was involved in an altercation that led to her arrest. Based on this
incident, Holmes filed suit to modify the final order, seeking primary custody of J.H. Holmes
requested temporary orders removing Sanchez as the person with the exclusive right to designate
J.H.'s primary residence, alleging the child's present environment placed her in jeopardy. Following
an evidentiary hearing, the trial judge denied the temporary orders sought by Holmes. After
discussing the evidence, the trial judge stated, "I guess what's bothered the [c]ourt more is this issue,
you know, and Mr. Holmes talked about it a lot yesterday, with regards to why do the grandparents
have [J.H.] when he's available." The trial judge then rendered "additional" temporary orders,
awarding Holmes possession of J.H. "during the week" from Sunday evening to Friday evening and
limiting Sanchez's periods of possession to weekends. The temporary orders, which continue in
effect "until further order of the [c]ourt," place conditions on Sanchez's right to possession and grant
Holmes the "sole discretion" to decide "whether or not the child is placed in a day care center." 

 Sanchez filed a petition for a writ of mandamus to challenge these temporary orders. 
Sanchez argues the trial court clearly abused its discretion by ignoring the standard set forth in
§ 156.006(b)(1) of the Texas Family Code, which provides in pertinent part:

(b) While a suit for modification is pending, the court may not render a temporary
order that has the effect of changing the designation of the person who has the
exclusive right to designate the primary residence of the child under the final order
unless:


(1) the order is necessary because the child's present circumstances would
significantly impair the child's physical health or emotional development[.]


Tex. Fam. Code Ann. § 156.006(b)(1) (Vernon Supp. 2006) (emphasis added). (3) In response,
Holmes argues the trial court was not bound to follow § 156.006(b)(1) because the temporary orders
do not have the effect of changing Sanchez's exclusive right to designate primary residence.Mandamus Standard of Review

 Mandamus is the appropriate mechanism to challenge temporary orders made while a child
custody modification suit is pending because such orders are interlocutory and not appealable. In
re Mays-Hooper, 189 S.W.3d 777, 778 (Tex. 2006) (orig. proceeding); Little v. Daggett, 858 S.W.2d
368, 369 (Tex. 1993) (orig. proceeding); In re Levay, 179 S.W.3d 93, 95 (Tex. App.--San Antonio
2005, orig. proceeding). Generally, a writ of mandamus will issue only to correct a clear abuse of
discretion when there is no adequate remedy by appeal. Walker v. Packer, 827 S.W.2d 833, 839-40
(Tex. 1992) (orig. proceeding). "A trial court has no 'discretion' in determining what the law is or
applying the law to the facts," and "a clear failure by the trial court to analyze or apply the law
correctly will constitute an abuse of discretion." Id. at 839. Moreover, "[a] trial court abuses its
discretion if it acts in an arbitrary or unreasonable manner, without reference to any guiding rules
or principles." In re Nitla S.A. de C.V., 92 S.W.3d 419, 422 (Tex. 2002). The Effect of the Temporary Orders

 Section 156.006(b) limits a trial court's authority to render temporary orders that have "the
effect" of changing the person with the exclusive right to designate primary residence under a final
order. Tex. Fam. Code Ann. § 156.006(b)(1) (Vernon Supp. 2006); In re Levay, 179 S.W.3d at 95.
To determine if temporary orders effectively change the person with the exclusive right to designate
primary residence, we must examine the temporary orders in relation to the final order. In re
Ostrofsky, 112 S.W.3d 925, 929 (Tex. App.--Houston [14th Dist.] 2003, orig. proceeding). This
determination does not turn on the trial court's characterization of its ruling, but on the substance
of the temporary orders. See id. (temporary order changed person with the exclusive right to
determine primary residence even if it did not expressly state it). When the temporary orders
"deprive[]" a custodial parent "of any discretion inherent in the right to determine the [child's]
primary residence," they have "the effect" of changing the designation of the person with the
exclusive right to designate a child's primary residence. In re Levay, 179 S.W.3d at 96; In re
Ostrofsky, 112 S.W.3d at 929. 

 Holmes asserts the temporary orders give him possession of J.H. only when Sanchez is
unavailable and thus do not change her exclusive right to designate primary residence. We disagree.
The temporary orders grant Holmes possession of J.H. "during the week every week" "beginning at
6:00 p.m. on Sunday and ending at 6:00 p.m. on Friday" and give him the "sole discretion" to decide
if J.H. will attend daycare. (4) Additionally, the temporary orders require the parties to exchange
possession of J.H. in San Antonio. The temporary orders do not expire when Sanchez completes her
training program, but instead extend indefinitely "until further order of the [c]ourt." Under the final
order, Sanchez had greater possession and access to J.H. than Holmes and unrestricted authority to
establish the child's primary residence anywhere. The temporary orders take away these rights. As
a practical matter, Sanchez no longer has the right to take J.H. to another city and establish the
child's main residence there. (5) The temporary orders provide that if Sanchez's training program
requires her to remain in Houston on the weekends and J.H. cannot be brought to Houston, the child
must remain in Holmes's custody. The record shows this provision was made to limit Sanchez's
authority to leave J.H. in the grandparents' care. (6) 

 Together, the substantial reduction in Sanchez's overall possession time, the restrictions
placed on her possession rights, and the indefinite duration of the temporary orders, operate to
deprive Sanchez of any discretion inherent in her right to designate J.H.'s principal residence. See
In re Levay, 179 S.W.3d at 97 (temporary orders placing child in a residential facility indefinitely
deprived the custodial parent of any discretion inherent in the exclusive right to determine child's
residence); In re Ostrofsky, 112 S.W.3d at 929 (temporary orders requiring children to attend a
boarding school deprived the custodial parent of any discretion inherent in the right to determine
primary residence); cf. Dalton v. Doherty, 670 S.W.2d 422, 424 (Tex. App.--Fort Worth 1984, no
writ) (order completely deprived the managing conservator of his function when it granted the
possessory conservator custody of the child at all times except two weekends per month). We
conclude that the temporary orders effectively change the designation of the person with the
exclusive right to designate primary residence under the final order. As a result, the trial court was
not authorized to render these temporary orders unless it found them to be "necessary" because the
child's present circumstances would significantly impair her physical health or emotional
development. See Tex. Fam. Code Ann. § 156.006(b)(1) (Vernon Supp. 2006). 

Necessity Requirement

 Holmes argues that even if the temporary orders effectively change Sanchez's exclusive right
to designate primary residence, mandamus should not issue because the "record is replete" with
incidents showing the necessity required under the statute. Holmes does not argue, and the record
does not show, that the trial court found any such necessity. The full evidentiary record is not before
us; however, the limited record affirmatively shows the temporary orders were not based on any
showing of necessity. When the trial judge made his ruling, he stated "based on what the evidence
before the [c]ourt is, I am not going to change the designation on [the final order]." Later, he
explained his ruling this way: "It's just because a parent should be there instead of a grandparent.
That's why I'm doing it. It's strictly because of that." This is not a statutory ground for rendering
temporary orders that effectively change the designation of the person with the exclusive right to
designate a child's primary residence under a final order. See Tex. Fam. Code Ann. § 156.006(b)
(Vernon Supp. 2006). By failing to comply with §156.006(b), the trial court clearly abused its
discretion. See In re Levay, 179 S.W.3d at 97 (granting mandamus relief when the trial court issued
temporary orders in violation of § 156.006(b)).

Conclusion

 We conditionally grant the writ. The trial court is directed to vacate its temporary orders. 
The writ will only issue if the trial court fails to withdraw its temporary orders within ten days of the
date of this opinion. 

 Karen Angelini, Justice











1. This proceeding arises out of Cause No. 2004-EM5-01458, styled In the Interest of J.H., pending in the 37th
Judicial District Court, Bexar County, Texas, the Honorable David A. Berchelmann, Jr., presiding. However, the
challenged order was signed by the Honorable John D. Gabriel, Jr., presiding judge of the 131st Judicial District Court,
Bexar County, Texas.
2. These modified standard possession provisions provided Holmes possession of J.H. during the week from "as
early as 3:00 p.m. on the Tuesday prior to the first, third[,] and fifth Fridays of each month ending at 9:00 a.m. on the
first, third[,] and fifth Fridays of each month; and from as early as 3:00 p.m. on the Thursday prior to the second and
fourth Friday of each month until 9:00 a.m. the following morning." 
3. It is undisputed that the additional grounds for rendering such temporary orders do not apply here. Tex. Fam.
Code Ann. § 156.006(b)(2), (3) (Vernon Supp. 2006).
4. We recognize that the temporary orders give Sanchez additional possession time at Christmas and during
"periods in which [Sanchez] is not in school while [she] is enrolled in school." The latter provision appears to allow
Sanchez additional possession time during her school holidays, but has no application once her training program ends.
Aside from these special provisions, the temporary orders essentially reverse the total possession time given to each
parent under the final order. 
5. To clarify this point, Sanchez's trial counsel inquired, "So, Your Honor is saying that when [Sanchez] gets
out of school and takes a job, if she takes a job some place else, she cannot take the child with her?" The trial judge
responded, "On her weekends. The schedule will be on her weekends until further orders of the court."
6. When rendering this part of the temporary orders the trial judge stated: "I will tell you this, Mr. Holmes. If
you want to give the [maternal] grandparents ... any time, [it's] totally up to you in your discretion."