Lewis Franklin DAVIS, Jr., Appellant,

v.

Mary Ann DUKE, Appellee.

No. 12448.

Court of Civil Appeals of Texas,
Austin.

May 26, 1976.

James Larry Parks, Haralson & Parks, Austin, for appellant.

F. Newton Millen, Frank J. Foerster, Legal Aid and Defender Society, Austin, for appellee.

O'QUINN, Justice.

This case involves the custody of two children, to be determined under recently amended section 14.08(c) of the Texas Family Code. This proceeding is the most recent of a series of suits for custody between Mary Ann Duke, appellee, and Lewis Franklin Davis, Jr., appellant, the natural parents of the two minor children.

Under the judgment by which the parties were divorced, in January of 1973, custody was awarded to the father, Lewis Franklin Davis, Jr. Subsequently, the mother brought suit in August of 1974, seeking to be named managing conservator of the children. On October 9, 1974, the court entered a default judgment in that suit giving the mother custody of the children.

The mother was unable to effect actual custody at that time, however, because the father had left the State of Texas with the children two days after being served with citation. The mother later found the children living with their father in California and brought suit in California to enforce the Texas default judgment. The California courts accorded full faith and credit to the Texas judgment and caused the children to be delivered to the mother on August 5, 1975.

Prior to entry of the California decree the father filed an equitable bill of review in Texas on July 25, 1975, to set aside the earlier Texas default judgment. The trial court later consolidated that suit with the father's motion to modify an order affecting the parent-child relationship filed by him on October 11, 1975. Trial was before the court sitting without a jury. Lewis Franklin Davis, Jr., brings this appeal from judgment of the court denying both the motion to modify and the bill of review.

Appellant raised no points of error as to the bill of review. That part of the judgment has been waived by appellant and will not be considered.

Appellant's motion to modify the parent-child relationship was based upon section 14.08(c) of the Texas Family Code (as amended by Acts 1975, 64th Leg., p. 1265, ch. 476, sec. 29, eff. Sept. 1, 1975). Appellant alleged below that a material change of conditions had occurred which endangered the physical and emotional well-being of the children. He also pleaded that the best interests of the children would be served by appointment of him as managing conservator.

The trial court filed findings of fact and conclusions of law upon request of appellee, Mary Ann Duke. The trial court concluded that appellant failed to prove by a preponderance of the evidence the elements necessary to effect a change of custody under section 14.08(c) of the Family Code.

Appellant brings three points of error. We will overrule all points of error and affirm judgment of the trial court.

Under the first two points of error appellant urges that the trial court's finding that circumstances of the children or parent have not materially or substantially changed is against the great weight and preponderance of the evidence. Further, appellant says that the court erred in not finding that the best interests of the children would be served by granting appellant's motion to name him managing conservator.

■ The test under section 14.08(c) is two-fold. First, the parent moving to obtain custody has the burden to prove that since rendition of the last final judgment in the case between the same parties changes have occurred in the circumstances of the child or parent so material and substantial that retention of the current managing conservator would be injurious to the welfare of the child. Second, the movant must establish that the appointment of the new managing conservator would be a positive improvement for the child. Both parts of this test must be proved by a preponderance of the evidence. *In Re Y*, 516 S.W.2d 199 (Tex.Civ.App. Corpus Christi 1974, writ ref. n. r. e.); *Wilkinson v. Evans*, 515 S.W.2d 734 (Tex.Civ.App. Dallas 1974, writ ref. n. r. e.).

■ Appellant insists that the trial court erred in not finding a material change in existing circumstances surrounding the conduct of the mother which would be injurious to the welfare of the children. Appellant contends that one such material change is that the mother has smoked marijuana in the presence of the children on several occasions. The mother admitted that she had, upon occasion, smoked marijuana, but that such usage was minimal and that she disapproved of such use for the children. The record also reflects that the appellant father had smoked marijuana during the time he and appellee were married.

Appellant failed to discharge the burden of showing a material and substantial change in conditions since the previous court decree of conservatorship. Appellant has sought to show the *present* conditions only of the custodial parent. This showing alone is insufficient to justify a change of custody under section 14.08(c). To prove that a material *change* of circumstances has occurred the movant must demonstrate what conditions existed at the time of the entry of the custody decree. Once such conditions have been established, movant must show what material changes have occurred subsequently in those conditions. Appellant failed to show what, if any, changes had occurred since the conservatorship decree entered in October of 1974.

The trial court's judgment states that ". . . [appellant] failed to prove by a preponderance of the evidence that the statutory basis for modification existed at the time of the hearing."

■ The trial court found that appellant failed to meet the burden of proof required under section 14.08(c). The judgment will not be disturbed on appeal unless a clear abuse of discretion is shown. *Adams v. Adams*, 519 S.W.2d 502 (Tex.Civ. App. El Paso 1975, no writ); *Renfro v. Renfro*, 497 S.W.2d 807 (Tex.Civ.App. Waco 1973, no writ). The trial court was in a better position to pass upon this question because of the opportunity to observe the parties and note their demeanor and personalities. *Stuart v. Stuart* (Docket No. 12,421, this Court, filed April 14, 1976). It is clear from the record that the trial judge was aware of the extended litigation involving custodial rights over these children. The court's decision no doubt reflected the best interests of the children. We have reviewed the record and conclude that the trial court did not abuse its discretion.

■ Appellant urges, as another material change in circumstances, the fact that the mother was diagnosed as having a "borderline personality." This conclusion was reached by a psychiatrist, who testified that he had visited with the mother on two separate occasions for a total of 140 minutes. He defined "borderline personality" as a "pre-ill" type of personality. He also stated that appellee is neither "currently psychotic" nor likely to become so. In the doctor's opinion, appellee is not mentally ill but "needs treatment."

The trial court found that neither parent is mentally ill and that appellee's character does not pose a probability of injury to the children. This finding is supported by the great weight and preponderance of the evidence. Appellant's first and second points of error are overruled.

Under the third and last point of error appellant contends that the trial court erred in finding that the California judgment was entitled to full faith and credit. Appellant argues that the judgment is not entitled to consideration because it was not received into evidence at the hearing. We overrule the point. The record clearly shows that the court did receive the judgment into evidence and it was considered in the rendition of judgment below. The courts of Texas will give full faith and credit to a child custody decree of a sister state and will not order a change of custody in the absence of proof of a subsequent material change of conditions. *Knowles v. Grimes*, 437 S.W.2d 816 (Tex.1969). See also *Bukovich v. Bukovich*, 399 S.W.2d 528 (Tex.1966).

The judgment of the trial court is affirmed.