Donna Holly OGRYDZIAK, Appellant,

v.

Wayne Leroy OGRYDZIAK, Appellee.

No. 7046.

Court of Civil Appeals of Texas, El Paso.

March 18, 1981.

Freeman & Hyde, John G. Hyde, Midland, for appellant.

Rassman, Gunter & Boldrick, John E. Gunter, Leslie G. McLaughlin, Midland, for appellee.

## OPINION

OSBORN, Justice.

This is a child custody case in which the mother of two children seeks modification of a prior judgment entered in the divorce case between these two parties which awarded custody to the father. The jury verdict was adverse to the mother and the Court's order denied modification of custody. We affirm.

Donna and Wayne were divorced in January, 1979, and Wayne was named managing conservator of Kenneth and Kimberly. In February, 1980, Donna filed a motion to modify. At the time of the hearing in September, Kenneth was ten years old and in the fourth grade in school and Kimberly was six years old and in a nursery school. Both parties presented several witnesses, including friends, neighbors, relatives, teachers, counselors and a minister to testify concerning themselves and the two children. Seventeen witnesses testified, including both parties and Kenneth. In answer to Special Issue No. 1, which inquired whether retention of Wayne as managing conservator would be injurious to the welfare of the children, the jury answered "No." It did not answer Special Issue No. 2, which was conditionally submitted and inquired if appointment of Donna as managing conservator would be a positive improvement for the children. All of the evidence reflects that both parties have much love for and are concerned about the welfare of their two children. The evidence is equally clear that there is much ill-will and no love lost between the parents. Wayne works mostly as an apprentice plumber, and Donna is a waitress and cashier at a restaurant. While Wayne was testifying about his care for the children, he identified, and there was offered in evidence, a "daily log" which he had prepared at the request of his attorney beginning April 10, 1980 and going through June 27, 1980. These daily logs show when the children got up, when they went to bed, and their daily activities including meals, entertainment, trips to and from school, study periods and other activities. Appellant objected to these handwritten logs as being self-serving hearsay statements used to bolster Appellee's own testimony.

Appellant's first point of error complains of the trial Court's ruling which admitted these handwritten reports. The hearsay rule very simply provides that "evidence of a statement made out of court *when such evidence is offered for the purpose of proving the truth of such previous statement,* is inadmissible as hearsay." 1A Ray, Texas Law of Evidence sec. 781 (1980). That same text in Section 786 also notes that self-serving declarations in one's own favor are normally hearsay and inadmissible when offered by the party-declarant. The Appellee contends that, even though the daily reports were hearsay, they were admissible as an exception to the rule since the logs were a memoranda of past recollection. Such rule is not an exception to the hearsay rule, but it relates to the issue of whether a witness has sufficient recollection of the facts as to be able to testify on a given issue. A memorandum may be used to refresh a witness's present recollection, in which event it is not admissible, but the testimony given by the witness is evidence of the events in issue. 1 Ray, Texas Law of Evidence sec. 548–554 (1980). A memorandum may be offered in evidence where the witness has no recollection of the events in issue but vouches for the correctness of the memorandum which records particular events. In such case, the memorandum is admissible and it alone is evidence of the events in issue. 1 Ray, Texas Law of Evidence sec. 541–547. The general rule is set forth in *Welch v. State,* 576 S.W.2d 638 at 641 (Tex.Crim.App.1979), where the Court said:

A witness testifies from present recollection what he remembers presently about the facts in the case. When that present recollection fails, the witness may refresh his memory by reviewing memorandum made when his memory was fresh. After reviewing the memorandum, the witness must testify either his memory is refreshed or his memory is not refreshed. If his memory is refreshed,

the witness continues to testify and the memorandum is not received as evidence. However, if the witness states that his memory is not refreshed, but has identified the memorandum and guarantees the correctness, then the memorandum is admitted as past recollection recorded. *Wood v. State*, 511 S.W.2d 37 (Tex.Cr. App.1974).

■ In this case, it seems unlikely that a witness testifying in June would have no recollection of events occurring only one or two months earlier. The record reflects he did in fact testify at length about events involving the children over a period of at least a year or more prior to trial. The daily logs were not qualified for use as a memoranda of past recollection. Neither were they qualified under any exception to the hearsay rule. Since this evidence was hearsay, which did not qualify as an exception to the hearsay rule, we must hold that it was error to overrule the objection to such evidence. But, we also conclude that it was not reasonably calculated to, and probably did not, cause the rendition of an improper judgment. Rule 434, Tex.R.Civ.P. Some of the events recorded are only cumulative of other testimony to the same effect. The Appellee presented favorable testimony from two directors of a day care center who knew Appellee and his children, a baby sitter who had kept the children on occasions, a neighbor and a friend, and his union representative. Their testimony was certainly sufficient to support the jury verdict, and we conclude the error in admitting the memoranda was harmless. Point of Error No. 1 is overruled.

By the second point of error, Appellant contends the trial Court erred in failing to submit to the jury the issue of changed circumstances based on the circumstances of the Appellant. The issue as submitted inquired:

Do you find from a preponderance of the evidence that the circumstances of the children or the managing conservator, Wayne Ogrydziak, have so materially and substantially changed since the entry of the Decree of Divorce, January 27, 1979, that the retention of the present managing conservator would be injurious to the welfare of the two minor children?

Answer 'Yes' or 'No'.

ANSWER: _____ * * *

■ Section 14.08(c)(1) of the Texas Family Code (Supp.1980) permits a modification order "if the circumstances of the child or parent have so materially and substantially changed * * * that the retention of the present managing conservator would be injurious to the welfare of the child and that the appointment of the new managing conservator would be a positive improvement for the child." The movant, Mrs. Ogrydziak, had the burden to prove by a preponderance of the evidence both that the retention of her former husband as managing conservator would be injurious to the welfare of the children and that her appointment would be a positive improvement. *Neal v. Neal*, 606 S.W.2d 729 (Tex. Civ.App.—Beaumont 1980, writ ref'd n. r. e.); *Sutter v. Hendricks*, 575 S.W.2d 308 (Tex.Civ.App.—Dallas 1978, writ ref'd n. r. e.). Although the Code refers to the changed circumstances of "the child or parent," some courts have considered changes in circumstances of both the custodial and non-custodial parent. *Watts v. Watts*, 563 S.W.2d 314 (Tex.Civ.App.—Dallas 1978, writ ref'd n. r. e.).

■ Appellant objected to Special Issue No. 1 as submitted because it did not inquire with regard to the changed circumstances of Donna Ogrydziak, the non-custodial parent. Certainly, changes in her circumstances and lifestyle might be considered with regard to whether the appointment of her as managing conservator would be a positive improvement for the children. But, we see no way in which her changed circumstances as a non-custodial parent could be relevant on the issue as to whether the retention of the husband as managing conservator would be injurious to the welfare of the children.

■ We conclude that if two issues are submitted in a modification case, the first as to retention of the present managing

conservator should only inquire as to the changed circumstances of the children and the custodial parent. The second issue does not necessarily relate to a change in circumstances but only whether the appointment of the moving party would be a positive improvement for the children. Point of Error No. 2 is overruled.

The judgment of the trial Court is affirmed.