**Ralph Victor GARY, Appellant,**

v.

**Linda Jean GARY, Appellee.**

**No. 08–81–00109–CV.**

Court of Appeals of Texas,
El Paso.

March 24, 1982.

Strother, Davis & Hill, Linda S. Aland, Dallas, for appellant.

Dennis G. Brewer, Inc., Dennis G. Brewer, Vincent R. Kirst, Harold Calvin Ray, Irving, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

OSBORN, Justice.

This is a child custody case in which the trial court about two years after the divorce modified the original decree and changed custody of the parties' two boys from the father to the mother, ordered the father to pay child support and awarded the mother attorney's fees. We affirm in part and reverse and render in part.

This is a typical child custody case. Both parents are apparently qualified to be named managing conservator and both obviously have much love for and concern about the welfare of their children. There apparently still exists substantial hard feelings between the two parents.

Much of the evidence relates to two central issues. First of all, the mother apparently had substantial problems at the time of the divorce, and much of the evidence came from her friends and neighbors and a clinical psychologist, all of whom testified to the substantial improvement in her mental attitude and condition and her positive improvement since the time of the divorce. This evidence indicated she is now a calm, stable person and a good mother. Although it was not objected to for a valid reason, none of this testimony was admissible. Section 14.08(c)(1) of the Texas Family Code permits a modification if the circumstances of the child or "parent" have materially changed. The word "parent" includes only the custodial parent. *Jones v. Cable*, 626 S.W.2d 734 (Tex.1981); *Ogrydziak v. Ogrydziak*, 614 S.W.2d 474 (Tex.Civ.App.—El Paso 1981, no writ).

The other principal issue concerned the older boy and his father watching movies on television related to satanic powers. Substantial evidence was developed concerning the older boy, who was nine years old, watching "The Exorcist," "Carrie" and "Omen I" and "Omen II" and reading the book "The Shining." The evidence does not show that the younger boy, who was 6 years old, was involved in any of these activities. Other complaints were made about the father, including his travel on business and being out of town and away from the boys, but these complaints were not such as would justify a change of custody.

■ The first point of error complains that the trial court erred in awarding custody based upon the parent's sex in violation of Section 14.01(b) of the Texas Family Code. In announcing its decision at the end of the hearing, the court said:

A child in his younger days needs to be with a natural mother if at all possible because there is [sic] certain things that a boy gains from being with a mother that they don't gain from being with the father.

Section 14.01(b) of the Family Code provides that "[i]n determining which parent to appoint as managing conservator, the court shall consider the qualifications of the respective parents without regard to the sex of the parent." This provision of the law was intended to remove a preference for the mother in deciding custody and to place both parents on an equal plane. *Altamirano v. Altamirano*, 591 S.W.2d 336 (Tex. Civ.App.—Corpus Christi 1979, no writ); *Adams v. Adams*, 519 S.W.2d 502 (Tex.Civ. App.—El Paso 1975, no writ).

We conclude that it was error for the trial court to suggest that his decision might be based in part upon a preference for the mother over the father when the children were young because of sex alone. But, the record does not reflect that to be the sole and only basis of this decision, and the error is harmless. Rule 434, Tex.R. Civ.P. Point of Error No. 1 is overruled.

■ The next four points of error contend that there is no evidence, and insufficient evidence, to show that the circumstances of the children or parent had materially changed since the divorce decree on June 19, 1978. We pass upon these points using the standards set forth in *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965). As noted above, there is no reason to consider a change of circumstances of the mother, who was the non-custodial parent. We sustain the fourth and fifth points of error and hold that there is no evidence, and insufficient evidence, to establish a material change in the circumstances of the father, who was the custodial parent. While there is evidence of the father being out of town on occasions on business, there is nothing to show that this is either a change in circumstances or that it was such a material and substantial change that retention of the father as managing conservator would be injurious to the welfare of the children. The children were always cared for properly in his absence. Points of Error 4 and 5 are sustained, but this does not require a reversal if there has been a material change in the circumstances of the children.

■ There is substantial evidence that there has been a material change in the circumstances of Robbie, the oldest boy, and that retention of the father as managing conservator would be injurious to the welfare of this child. Certainly, there was evidence to the contrary. But, where findings of fact and conclusions of law are not filed, the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Lassiter v. Bliss*, 559 S.W.2d 353 (Tex.1977).

■ As to the youngest son, Richie, there is a lack of evidence to establish any substantial and material change, and insufficient evidence that it would be injurious to his welfare to remain with his father. In fact, the Dallas County Juvenile Department Family Court counselor who did an investigation at the direction of the trial court concluded that both boys were doing well with their father, and found no reason to recommend a change of custody for ei-

ther boy. This social worker was the only real impartial witness to testify in the case, and she had no ties or long-standing friendship with either parent, as did all the other witnesses. We sustain Point of Error No. 3 as to Richie, but otherwise overrule Points of Error 2 and 3.

The next two points of error assert that there is no evidence, and insufficient evidence, to show that retention of Appellant as managing conservator would be injurious to the welfare of the children and that the appointment of Appellee as managing conservator would be a positive improvement for the children. There is testimony from Mrs. Gary, her clinical psychologist and several neighbors that it would be a positive improvement for her to be named managing conservator. There is also some testimony that it would be injurious to the welfare of the children for them to remain with their father. We overrule Points of Error Nos. 7 and 8.

■ The last two points of error attack the trial court's award of $4,000.00 to Appellee's attorney. Appellee's attorney charged her a flat fee of $10,000.00 for handling the Motion to Modify Custody, which included the investigation, court costs and trial. He said he had spent 125 hours on this matter. That would be the equivalent of 15½ days. The trial took 3 days. He testified the reasonable and customary fees for the same or similar services is the sum of $100.00 an hour and $1,000.00 a day in court. He said the 125 hours at $100.00 an hour would be $12,500.00 and 3 days in court would be $3,000.00, for a total of $15,500.00. The trial court awarded $4,000.00. Section 11.18 of the Texas Family Code provides that reasonable attorney's fees may be taxed as cost and Rule 131, Tex.R.Civ.P., permits a successful party to a suit to recover all cost from his adversary. If a party is successful in the trial court, there is no need to show "good cause", which is required of an unsuccessful party seeking to recover attorney's fees. *Reames v. Reames*, 604 S.W.2d 335 (Tex.Civ.App.—Dallas 1980, no writ). We conclude the evidence is sufficient to support the award and overrule Points of Error Nos. 8 and 9.

Having sustained Point of Error No. 3, we are compelled to reverse that part of the trial court's order which named Linda Jean Gary as managing conservator of Richard Stanley Gary. Ralph Victor Gary shall remain and continue as managing conservator of Richard Stanley Gary, in accordance with the prior order of the court entered on June 19, 1978, and Linda Jean Gary shall remain and continue as possessory conservator of Richard Stanley Gary, in accordance with the prior order. In all other respects, the order of the trial court dated November 6, 1980, is affirmed, except that Ralph Gary's obligation to pay child support is reduced to $260.00 per month.

While courts are reluctant to divide custody of young children, we have no other alternative in this case. *See* 20 Tex.Jur.2d, Divorce and Separation, Sec. 330. If the parents agree that the best interest of the boys compels their being raised together, the mother or father could voluntarily relinquish custody to the other parent. *See* 1 Kings 3.