Jon Robert BELFORD, Appellant,

v.

Edith Ann BELFORD, Appellee.

No. 14,198(T).

Court of Appeals of Texas,
Austin.

Dec. 5, 1984.

Rehearing Denied Jan. 1, 1985.

Virgil E. Rogers, Dallas, for appellant. No brief for appellee.

Before POWERS, KEITH and GAMMAGE, JJ.

KEITH, Justice.*

The appeal is from an order denying a change of custody of minor children whose status was governed by a prior order entered in a divorce proceeding.

Jon Robert Belford and his prior wife, then known as Edith Ann Belford, who are the parents of the two children now the focus of our attention, procured the entry of a divorce decree in Dallas County on September 4, 1980. The mother, Edith, was appointed managing conservator of both boys with the father being ordered to make monthly support payments of $75.00 weekly.

Both parties to that proceeding have remarried and the mother has moved to the State of Missouri. The mother's second husband had custody of children by his first marriage and tension soon developed between the new stepfather and the older boy, Jonathan Joseph Belford.

The original decree was very specific in its visitation rights granted each parent; and, with the mother's move to a foreign state, the expense thereof became burdensome to the parties. In any event, the mother consented for the older boy to re-main in Texas, after his Christmas visit, and attend school in Garland, Texas. During this modification (without court authorization) the boy stayed with his paternal grandparents of whom he was very fond and did exceptionally well in his school activities. This child is musically gifted and his stepfather was unable to finance his musical education because of his inability to give similar advantages to all of the children of his household. On the other hand, the paternal grandparents not only could, but did supply the child with all the amenities of life he desired.

In the bench trial, the paternal grandfather joined with the natural father in seeking modification of the order, but all relief was denied by the trial judge and the original order was not disturbed, except that the boy was permitted to remain in the Texas school for the remainder of the scholastic year and the grandfather was ordered to return him to his mother in Missouri at his expense, at the end of the semester.

There are three points of error contending that the court's findings of fact supporting this order are contrary to the great weight and preponderance of the evidence. We have read the record carefully and find no merit in any of the points of error; consequently, we will affirm the judgment of the trial court.

In considering the challenges to the judgment, we will follow the rule enunciated in *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965), by considering all of the evidence in deciding the question.

Admittedly, there have been some changes in the conditions since the entry of the original divorce decree. Both parties have remarried and the mother now lives in a distant state. But a careful review of the record does not reveal that the movant—the father—met his burden on the "threshold inquiry" now required by Tex.Fam. Code Ann. § 14.08(c)(1)(1984), which now

---

* Keith, Justice, Retired, Ninth Court of Appeals, sitting by assignment. See Art. 1812, as amended.

imposes upon the party seeking a change in custody, the burden to show a change of conditions so material and substantial that "the retention of the present managing conservator would be injurious to the welfare of the child and that the appointment of the new managing conservator would be a positive improvement for the child. . . ." *See Neal v. Neal*, 606 S.W.2d 729, 731 (Tex.Civ.App.1980, writ ref'd n.r.e.), and authorities therein cited.

Appellants recognize the existence of such a burden but still argue that the trial court erred in failing to change the order. We disagree.

We are impressed from our study of the record that there is not a hint of any lack of moral integrity in either parent and there is no suggestion that ill treatment of the children can be expected from either parent.

In a non-jury case, the credibility of the witnesses and the weight to be given to the testimony is entrusted to the trial court whose judgment is not to be disturbed in the absence of strong evidence contrary to his findings. This we have not found.

The first three points of error, challenging the sufficiency of the evidence are overruled.

In the final point appellants argue that appellants' constitutional rights were violated because a retired district judge heard the case and the appeal was transferred to this Court by the Supreme Court. No supporting case authority is mentioned, the argument being that under our state Constitution, Art. I, § 2, and Art. I, § 27, because our judges are elected and all litigants "impliedly [have the right to campaign for or against an elected judge]," he has been denied the right to have a judge hear his case who "can reflect the mores of the area where the matters are tried and not those of East Texas, the Hill Country, or another area of the State. . . ."

Appellants do not point to any procedural irregularities in the judicial process or failure to comply with the statutes relating to the use of retired judges or the equalization of the dockets among the appellate courts. We find no error and the final point is overruled.

The judgment is affirmed.