**Thomas P. CONSIDINE, Appellant,**

v.

**Deborah A. CONSIDINE, Appellee.**

**No. 14719.**

Court of Appeals of Texas,
Austin.

March 4, 1987.

David Greenfield, Blanks, Greenfield, Mewhinney & Rhodes, Temple, for appellant.

John Guinn, Copperas Cove, for appellee.

Before SHANNON, C.J., and BRADY and CARROLL, JJ.

SHANNON, Chief Justice.

Appellant, Thomas P. Considine, seeks to set aside a default judgment rendered by the district court of Bell County modifying conservatorship and support provisions in a previous order. Tex.Fam.Code Ann. § 14.-08 (1986). This Court will reverse the judgment.

By his third point of error, appellant asserts that the order modifying conservatorship and support was supported by no evidence or insufficient evidence.

On January 19, 1984, the Bell County district court rendered judgment dissolving the marriage of Thomas P. Considine and Deborah A. Considine, dividing their property and appointing appellant managing conservator and appellee possessory conservator of their two sons, Thomas P. Considine, III, aged five years and Peter J. Considine, aged three years.

The divorce judgment was modified by agreed judgment on August 7, 1984. The agreed judgment ordered appellee to pay child support in the sum of sixty dollars monthly for each child. In addition, the agreed judgment specified the appellee's right of access to the children as possessory conservator.

In August 1985, appellee filed a motion to modify the previous agreed judgment. Appellant never filed an answer to the motion to modify and, after hearing evidence, the district court rendered judgment modifying the previous order by removing appellant as managing conservator and appointing appellee in his stead. In addition, the judgment ordered appellant to pay support in the sum of two hundred-fifty dollars monthly for each child.

Appellant complains that the order modifying conservatorship and support was supported by no evidence or by insufficient evidence. In the usual case, the defendant who fails to file an answer is said to confess to the facts properly pleaded in the petition. *Stoner v. Thompson*, 578 S.W.2d 679 (Tex.1979). In such a case, the non-answering defendant cannot mount an evidentiary attack against the judgment on motion for new trial or on appeal.

In a divorce case, however, the petition is not taken as confessed for want of an answer. Tex.Fam.Code Ann. § 3.53. Even if the respondent fails to file an answer, the petitioner must adduce proof to support the material allegations in the petition. Accordingly, the judgment of divorce is subject to an evidentiary attack on motion for new trial and appeal.

This Court knows of no Family Code provision relating to modification of prior orders that is comparable to § 3.53. Reason suggests, nonetheless, that the same policy considerations underlying § 3.53, applicable to original divorce judgments appointing conservators and setting support for and access to children, should also obtain in § 14.08 proceedings to modify like provisions in prior orders. We note that before provisions relating to conservatorship, possession, and support in prior orders may be modified, the court must conduct a hearing. Tex.Fam.Code § 14.-08(c). A "hearing," in this context, implies the admission and consideration of proof— the opposite of taking allegations of the motion for modification "as confessed for want of an answer." We conclude that the allegations in the motion to modify may not be taken as confessed for want of an answer. As a result, in a case of default by the respondent, the movant must prove up the required allegations of the motion to modify.[1]

By signing the order modifying the prior order, the district court necessarily con-

---

1. *See Davis v. Ross,* 678 S.W.2d 636, 638 (Tex. App.1984, no writ); *Armstrong v. Armstrong,* 601 S.W.2d 724, 726 (Tex.Civ.App.1980, writ ref'd n.r.e.). These opinions reach a similar result based upon different reasoning.

cluded, pursuant to Tex.Fam.Code § 14.-08(c)(1), that:

(A) the circumstances of the child, managing conservator, or possessory conservator had "materially and substantially changed since the entry of the order or decree to be modified"; and

(B) the retention of the present managing conservator would be injurious to the child's welfare; and

(C) appointment of a new managing conservator would be a positive improvement.

\* \* \* \* \* \*

The test under § 14.08(c) is three-fold: (1) the parent moving to obtain managing conservatorship has the burden to prove that since rendition of the last final judgment in the case between the same parties changes have occurred in the circumstances of the child or parent so material and substantial that (2) retention of the current managing conservator would be injurious to the welfare of the child, and (3) the movant must establish that the appointment of the new managing conservator would be a positive improvement for the child. The test must be proved by a preponderance of the evidence. *Davis v. Duke,* 537 S.W.2d 519 (Tex.Civ.App.1976, no writ).

To prove that a material change of circumstance has occurred, the movant must demonstrate what conditions existed at the time of the entry of the prior order. Once such conditions have been established, movant must show what material changes have occurred in the intervening period. *Davis v. Duke, supra.*

■ Appellant claims that the district court erred in modifying the prior order because appellee failed to prove that the circumstances of the parties had "materially and substantially changed since the entry of the order or decree to be modified." The order sought to be modified was, of course, the agreed order of August 7, 1984.

As evidence in support of the modified order, appellee points to her testimony that before rendition of the original judgment appellant promised to co-operate in sharing custody of the children but that once the divorce judgment was rendered appellant's co-operation ended. Even after the district court rendered the agreed judgment of August 7, 1984, appellee indicated that appellant continued his failure to co-operate in arranging for her visitation with the boys. This proof, instead of showing a substantial and material change of circumstances as required by § 14.08(c)(1)(A), shows that appellant has remained consistently uncooperative. *See Davis v. Duke, supra.*

In further support of the modification order, appellee testified that appellant was a captain of an artillery unit of the United States Army stationed in West Germany. Because appellant is required to be in the field on maneuvers for significant periods of time, the boys stay with a babysitter. As we understand, however, this state of affairs has obtained from the time of appellant's original conservatorship through the date of the modification order. Accordingly, this proof does not represent a showing of a substantial and material change of circumstances. *See Gary v. Gary,* 631 S.W.2d 781 (Tex.App.1982 writ dism'd).

Appellee additionally complained that appellant permitted the children on occasion to wear tattered clothing. We are not informed, however, whether this condition has obtained throughout appellant's managing conservatorship or has changed only after rendition of the agreed order. *Watts v. Watts,* 563 S.W.2d 314 (Tex.Civ.App. 1978, writ ref'd n.r.e.). Moreover, assuming that the children's wearing ragged clothing constitutes a changed condition, it is hardly "substantial and material" as contemplated by § 14.08(c)(1).

Finally, appellee points out that since the rendition of the agreed order, she has remarried and now lives in Canada. Appellee's re-marriage and change of residence do constitute a change as contemplated by § 14.08(c)(1). Such a change, however, was not shown to be so material and substantial that the retention of appellant as managing conservator would be injurious to the welfare of the children and the appointment of appellee as the managing conservator

would be a positive improvement for the boys. *See Belford v. Belford,* 682 S.W.2d 675 (Tex.App.1985, no writ). We sustain appellant's no evidence point.

The judgment of the district court is reversed and judgment is here rendered that appellee take nothing.