CV3-435 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-93-435-CV




CINDY SUE (SMITH) BRYAN,



 APPELLANT


vs.





HORACE DALE SMITH,



 APPELLEE


 



FROM THE DISTRICT COURT OF RUNNELS COUNTY, 119TH JUDICIAL DISTRICT



NO. 11,188, HONORABLE JOHN E. SUTTON, JUDGE PRESIDING


 




PER CURIAM


 Cindy Sue (Smith) Bryan (appellant) appeals from the trial court's order in a suit
affecting the parent-child relationship. Tex. Fam. Code Ann. § 14.08(c)(1) (West Supp. 1994)
(Family Code). The order, resulting from a motion to modify filed by Horace Dale Smith
(appellee), changed the managing conservator of Misti L. Smith and Carie R. Smith from
appellant to appellee. Appellant brings two points of error: (1) the trial court abused its
discretion in naming appellee as the managing conservator; and (2) the trial court abused its
discretion in overruling appellant's uncontested and verified motion for new trial. We will reverse
the trial court's judgment.

 An order concerning the conservatorship of minor children may be modified only
if: (1) there has been a material and substantial change since rendition of the prior order or decree
sought to be modified; (2) retention of the present managing conservator would be injurious to
the welfare of the children; and (3) the appointment of a new managing conservator would be a
positive improvement for the children. Fam. Code § 14.08(c)(1). A trial court has broad
discretion in deciding the issue of modification and its judgment will not be reversed except on
a clear showing of an abuse of discretion. Doyen v. Doyen, 713 S.W.2d 370, 372 (Tex.
App.--Beaumont 1986, no writ); Davis v. Duke, 537 S.W.2d 519, 521 (Tex. Civ. App.--Austin
1976, no writ). Nevertheless, all three prongs must be proven.

 In a motion to modify conservatorship, the movant has the burden of proof to
produce sufficient evidence to convince the trier of fact that a modification would be justified. 
See Ogrydziak v. Ogrydziak, 614 S.W.2d 474, 477 (Tex. Civ. App.--El Paso 1981, no writ); Kelly
v. Novak, 606 S.W.2d 25, 30 (Tex. Civ. App.--Houston [1st Dist.] 1980, no writ). The burden
of proof is by a preponderance of the evidence. See Fam. Code § 11.15(a) (West 1986); Choyce
v. Dallas County Child Welfare Unit, 642 S.W.2d 559, 560-61 (Tex. App.--Dallas 1982, no writ).

 When no findings of fact or conclusions of law are requested or filed, we imply that
the trial court made all necessary findings in support of its judgment. Roberson v. Robinson, 768
S.W.2d 280, 281 (Tex. 1989). When a statement of facts is brought forward, implied findings
may be challenged by legal and factual sufficiency points in the same way as written findings. 
Roberson, 768 S.W.2d 280. In determining a legal sufficiency question, an appellate court must
consider only the evidence and inferences that tend to support the finding, and disregard all
evidence and inferences to the contrary. King v. Bauer, 688 S.W.2d 845, 846 (Tex. 1985); Garza
v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965). If more than a scintilla of evidence supports the
finding, the no-evidence challenge fails. Stafford v. Stafford, 726 S.W.2d 14, 16 (Tex. 1987);
Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983).

 As a preliminary matter, we note that appellee has not filed a reply brief. We may
accept as correct any statement appellant makes in her brief concerning the facts or the record. 
Tex. R. App. P. 74(f). (1) In her first point of error, (2) appellant argues that there was no evidence
to support finding that a material change in circumstances had occurred such that her remaining
managing conservator would harm the children, and that naming appellee as the sole managing
conservator would be a positive improvement. (3) For these reasons, she argues that the trial court
erred in modifying conservatorship.

 We must agree. The record lacks even a scintilla of evidence to support the
required findings to justify changing the managing conservator. Both parties admit to a pattern
of bickering and petty harassment between them, with friends and relatives joining the fray. The
parties agree that visitation problems have occurred. However, there is no evidence in the record
that appellant's retention as managing conservator is harmful to the children. Further, the record
contains no evidence that a change in conservatorship would be a positive improvement for the
children. Appellant's re-marriage by itself cannot constitute harm or demonstrate that a change
in conservatorship would be an improvement. See Considine v. Considine, 726 S.W.2d 253, 255
(Tex. App.--Austin 1987, no writ).

 Because there is no evidence to support the necessary findings required by section
14.08, we sustain appellant's first point of error. See Considine, 726 S.W.2d 256 (sustaining a
no-evidence point and reversing trial court's order changing managing conservator).

 In her second point of error, appellant contends that she was denied due process
when the trial court overruled her motion for new trial because her motion for new trial was
timely filed and introduced newly discovered evidence. In view of our disposition of appellant's
first point of error, we need not discuss the second one.

 We reverse the judgment of the trial court modifying the managing conservatorship
and render judgment that the motion to modify be overruled.


Before Justices Powers, Aboussie and B. A. Smith

Reversed and Rendered

Filed: November 23, 1994

Do Not Publish
1. [1]  Even so, we have thoroughly examined the statement of facts and find nothing to contradict
appellant's statements.
2. [2]  Although appellant labels her first point of error as "abuse of discretion," the bulk of her
argument is given in terms of "no evidence." Briefing rules are to be liberally construed. See
Tex. R. App. P. 74(p). We will construe appellant's point to be that no evidence supports the
implied findings. 
3. [3]  Appellant has waived one complaint about which she argues. She contends that the judge
failed to consult with a child twelve or older. Fam. Code § 14.07(c) (West 1986). The statement
of facts, however, shows that both parties acquiesced in the judge's decision to refrain from
questioning the child. He stated that he would if either party insisted, but he did not want to. 
Neither party insisted.