11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Glenys Anne O=Neal

Appellant

Vs.                   No.
11-01-00277-CV B Appeal from Dallas County

Samuel Earl O=Neal

Appellee

 

This is a
restricted appeal of a default divorce decree. 
Appellee filed for divorce. 
Appellant did not file an answer in the trial court.  Appellant urges in her restricted appeal
that the trial court abused its discretion in the property division and in the
award of child support.  We agree.  We reverse and remand as to these issues.

A
restricted appeal is a direct attack on the judgment of the trial court.  TEX.R.APP.P. 30, regarding restricted
appeals, provides:

A party
who did not participate either in person or through counsel in the hearing that
resulted in the judgment complained of and who did not timely file a
postjudgment motion or request for findings of fact and conclusions of law, or
a notice of appeal within the time permitted by Rule 26.1(a), may file a notice
of appeal within the time permitted by Rule 26.1(c).  Restricted appeals replace writ of error appeals to the court of
appeals.  Statutes pertaining to writ of
error appeals to the court of appeals apply equally to restricted appeals.

 

The error
complained of must be apparent from the face of the record.  The face of the record, for purposes of a
restricted appeal, consists of all the papers on file in the appeal, including
the reporter=s record. 
Norman Communications v. Texas Eastman Company, 955 S.W.2d 269
(Tex.1997); In re E.K.N., 24 S.W.3d 586 (Tex.App. - Fort Worth 2000, no pet=n). 
The issue in this appeal is whether the errors urged by appellant are
apparent from the face of the record.








Appellee
was the only person who testified at the divorce hearing, and his testimony was
brief.  The reporter=s record consists of four pages.  Appellee testified that appellant was living
in Queensland, Australia, and that there was one child, born or adopted, of the
marriage.  The child, a son, born April
20, 1999, resided with appellant in Australia at the time of the hearing.  The record, regarding the estate of the
parties and the amount of child support, reflects the following testimony of
appellee:

Q: You
have set forth periods of possession in the decree; is that correct?

 

A: Yes.

 

Q: Is that
fair and reasonable at this time?

 

A: Yes.

 

Q: And you
have also set forth child support; is that correct?

 

A: Yes.

 

Q: There
is an order for withholding we are asking the Court to sign, but we are not
asking that it be used at this time because you are having to direct deposit
the child support rather than do it through a child support office; is that
correct?

 

A: Yes.

 

Q: So you
will be doing all the child support from your bank to her bank?

 

A: Wire
transfer, yes.

 

Q: Do you
believe that that=s fair
and equitable and in the best interest of Connor at this time?

 

A: Yes.

 

Q: You and
your wife have certain assets and debts that you have acquired during the
marriage and that is divided in the decree of divorce?

 

A: Yes.

 

Q: Is that
division fair and equitable?

 

A: Yes.

 

Q: Are you
asking the Court to grant the divorce as set forth in the decree?

 

A: Yes.








TEX. FAM.
CODE ANN. ' 6.701 (Vernon 1998) provides: AIn a suit for divorce, the petition may not
be taken as confessed if the respondent does not file an answer.@  The
statute requires the petitioner, in a suit for divorce, to present proof to
support the material allegations in the petition despite a respondent=s failure to answer.  Ratisseau v. Ratisseau, 44 S.W.3d 695, 697
(Tex.App. - Houston [14th Dist.] 2001, no pet=n); Osteen v. Osteen, 38 S.W.3d 809, 814 (Tex.App. - Houston [14th
Dist.] 2001, no pet=n);
Considine v. Considine, 726 S.W.2d 253 (Tex.App. - Austin 1987, no pet=n). 
Appellee requested the trial court, in his petition for divorce, to
divide the parties=
property in a just and equitable manner.  Appellee also requested that the trial court decide the issue of
child support.

The final
decree of divorce signed by the trial court awarded all of the real property to
appellee.  The decree stated:  

A.   Real Property.  IT IS ORDERED AND DECREED that SAMUEL EARL O=NEAL is awarded all right, title and interest
in and to the real property located thereon at:

 

Lot 2, in Block H/8571, of Braeburn Glen
Addition to the city of Dallas, Texas, according to the Map thereof in Volume
475, Page 2279, of the Map Records of Dallas County, Texas and commonly known
as 11137 Cotillion, Dallas, Dallas County, Texas 75228, (hereinafter known as ADallas real property@); and,

 

Lots No. 1, 2, 3, 4, 8, & 9, Block J,
Cedar Bayou, an Addition to Grayson County, Texas as shown by the Plat of said
Addition in the Plat Records of Grayson County, Texas, commonly known as 41
Cedar Bayou, Gordonville, Texas (hereinafter known as Grayson County real
property)

 

and GLENYS ANNE O=NEAL is divested of all right, title and
interest in and to said Dallas and Grayson County real property.

 

The decree also divided
the parties= personal property:  cash, bank accounts, retirement accounts, IRA accounts, stocks,
bonds, and securities.  The decree
ordered appellee to pay child support of $400 per month in quarterly
installments of $1,200.








It appears
that, as he was testifying, appellee was looking at the proposed decree to be
signed by the trial court upon granting the decree.  Appellee stated that he believed that the amount of child support
set forth in the decree was Afair and equitable and in the best interest@ of the child.  Appellee also agreed that the division of the parties= assets and debts as set out in the decree
was Afair and equitable.@

TEX. FAM.
CODE ANN. ' 7.001 (Vernon 1998) states that the court
shall order a division of the estate of the parties in a manner that the court
deems just and right, having due regard for the rights of each party and any
children of the marriage.  There is no
evidence in the record of the value of any of the property divided by the trial
court.  The real property is described
in the decree by a legal description. 
There is no evidence as to improvements, if any, located on the
land.  There is no evidence that the
real property was appellee=s separate property.  There is
no evidence as to appellee=s income or financial ability to pay child support.  See TEX. FAM. CODE ANN. '' 154.061 thru 154.063 (Vernon 1998 &
Supp. 2002).

The test
for abuse of discretion is whether the trial court acted without reference to
any guiding rules or principles or whether the act was arbitrary or
unreasonable.  Worford v. Stamper, 801
S.W.2d 108 (Tex.1990).  We hold that
appellee=s conclusions that the property division and
the award of child support in the decree were fair and equitable are not
sufficient evidence to support the material allegations in the petition.  We hold that, based upon the evidence
presented at the hearing, the trial court abused its discretion in the division
of the estate of the parties and in the award of child support.

The decree
of the trial court is reversed and remanded as to the division of the estate of
the parties and as to the award of child support.  In all other respects, the decree of the trial court is affirmed.

 

AUSTIN
McCLOUD

SENIOR
JUSTICE

 

February 14, 2002

Publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

McCall, J., and McCloud, S.J.[1]











[1]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.