

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-12-00085-CV
_____

IN RE:
KEITH RUSSELL JUDD

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Keith Russell Judd, a federal prisoner, filed a petition for writ of mandamus against 202nd Judicial District Court Judge Leon F. Pesek, Jr., in which he asks this Court to mandate the issuance of a default judgment in Judd's divorce case against Karen Y. Corey-Steele. We deny the petition for writ of mandamus.

Mandamus is an extreme remedy, and to be entitled to such relief, a petitioner must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458 (Tex. 2008) (orig. proceeding). Due to the nature of this remedy, it is Judd's burden to provide this Court with a sufficient record to establish the right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.— Texarkana 2006, orig. proceeding).

Judd provided this Court with documentation demonstrating that Corey-Steele was properly served on July 11, 2011, but has not yet answered the divorce petition. He claims "Numerous Motions for Default Judgment have been filed, but Judge Pesek has failed to render a single decision on any Motion." In an attempt to explain, Judge Pesek wrote the following letter to this Court:

> This court has been made aware that Keith Russell Judd is seeking a Writ of Mandamus seeking to compel this court to issue a Default Judgment in his pending divorce case.
>
> Mr. Judd is currently incarcerated in the Federal Prison here in Texarkana and is unable to appear in court to prove up said divorce. Further this court is

2

> without authority to compel the Federal authorities to present Mr. Judd at a hearing allowing him to prove up the divorce.
>
> So it is this court's belief that Mr. Judd's Writ of Mandamus should be denied and once released from prison he can make a personal appearance in court.

Due to the court's response, it appears that the motion for default was properly presented, but denied.

The denial of the default judgment was proper. "In a suit for divorce, the petition may not be taken as confessed if the respondent does not file an answer." TEX. FAM. CODE ANN. § 6.701 (West 2006); *see Considine v. Considine*, 726 S.W.2d 253, 254 (Tex. App.—Austin 1987, no pet.). Indeed, "[e]ven if the respondent fails to file an answer, the petition must adduce proof to support the material allegations in the petition." *Considine*, 726 S.W.2d at 254.

Yet, a litigant cannot be denied access to the courts merely because he is an inmate. *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003). Because "an inmate does not . . . have the absolute right to personally present his case in a civil matter if the merits can be determined without his physical presence," "if the trial court determines that [Judd's] physical presence is not necessary to the disposition of his motion, then he 'should be allowed to proceed by affidavit, deposition, telephone, or other effective means.'"[1] *See In re Ramirez*, 994 S.W.2d 682, 684 (Tex. App.—San Antonio 1998, orig. proceeding) .

---

[1] Judd provides us with no record indicating he made a request to appear by alternative means. *See In re Z.L.T*, 124 S.W.3d at 166.

3

We deny the petition for writ of mandamus.

                                        Jack Carter
                                        Justice

Date Submitted:     September 4, 2012
Date Decided:       September 5, 2012