# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00452-CV

### Blanca Abila, Appellant

### v.

### Ryan Miller, Appellee

### FROM THE 20TH DISTRICT COURT OF MILAM COUNTY
### NO. CV40051, THE HONORABLE JOHN YOUNGBLOOD, JUDGE PRESIDING

## O P I N I O N

Appellant Blanca Abila appeals from the district court's order granting appellee Ryan Miller's petition to modify an agreed order for conservatorship, possession, and support of the parties' child, R.B.M. (Reed).[1]  In three issues on appeal, Abila contends that there is insufficient evidence of a material or substantial change in circumstances, that there is insufficient evidence that modification was in Reed's best interest, and that Miller failed to attach to his petition an affidavit alleging that Reed's present environment may endanger his physical health or significantly impair his emotional development, which is statutorily required when a petition to modify is filed within one year of the previous order.  *See* Tex. Fam. Code § 156.102.  We will reverse the district court's order and render judgment denying Miller's petition.

---

[1] For the child's privacy, we refer to him using a pseudonym.  *See* Tex. Fam. Code § 109.002(d); Tex. R. App. P. 9.9.

## BACKGROUND

Abila gave birth to Reed on October 22, 2019. In February 2020, the district court signed an agreed order establishing Miller as Reed's father, naming Abila and Miller as joint managing conservators of Reed, and appointing Abila as the conservator with certain exclusive rights regarding Reed, including the exclusive right to designate Reed's primary residence. *See id*. § 153.132. The order specified that Miller was to have a modified possession schedule, beginning with supervised possession on the first, third, and fifth Saturdays of each month for 24 periods of possession, then changing to unsupervised possession on the first, third, and fifth Saturday of each month for 51 periods of possession, and finally, possession under a standard possession order.[2] *See id*. §§ 153.3101–.3171. The order also provided Miller would pay Abila child support in the amount of $610.00 per month.

In June 2020, Miller filed a petition to modify the parent-child relationship, requesting that he be granted possession of Reed under a standard possession order and that the requirement of supervised visitation be removed. Following September and November 2020 hearings at which Abila did not appear, the district court signed temporary orders granting Miller unsupervised periods of possession and a standard possession order.

In July 2021, Miller filed an amended motion for enforcement and an amended petition to modify, requesting that he be designated the conservator with the exclusive right to designate Reed's primary residence and that Abila be ordered to pay child support. At an August 2021 hearing on enforcement, at which Abila did not appear, Miller testified that Abila

---

[2] Each "period of possession" was a set number of hours on the first, third, and fifth Saturday of each month. The first 49 periods of possession were from 1:00 p.m. to 5:00 p.m., the next 13 periods of possession were from 8:00 a.m. to 5:00 p.m., and the next 13 periods were from 6:00 p.m. Saturday to 6:00 p.m. Sunday.

had failed to give Miller possession of Reed on several occasions when the court had ordered her to do so. No other evidence was presented. The district court granted the motion to enforce, issued a capias for Abila, and later had her arrested for failure to appear.

In April 2022, the district court held a hearing on the petition to modify. Abila had not filed a response to the petition and did not appear at the hearing. At the beginning of the hearing, counsel for Miller announced, "I believe we are here on a default for modification suit at this point so [I] could just make a statement at this time or, if you like, I can call my witness and get started." The district court told counsel, "Just make a statement, that's fine." Counsel stated,

> Okay. We are here for modifying orders. Our client has been denied access to this child several times to the point where there has been enforcement ordered, and I believe in the last month or so he has gotten a little bit of the time he was supposed to have, but he is still being denied access, at least once in the last month, and so we are asking to modify the order for him to be primary and have time with his kid and he has more of ability to make the coparenting work and that's what we are asking for today.

The district court then made its ruling: "All right. Very well. I'm going to grant the relief sought at this time and sign your order. Also there is an order terminating child support which I will sign. All right, anything else today?" Counsel replied, "I believe, let me see, I believe that's it. I believe that's the only two orders we are looking for today so that will do it." The hearing concluded without the admission of any testimony or other evidence.

The district court's order granting Miller's petition to modify gave Miller the exclusive right to designate Reed's primary residence and other decision-making rights, gave Abila a standard possession order with expanded visitation, and ordered Abila to pay child

support to Miller in the amount of $228.56 per month. Abila filed a motion for new trial that the district court denied. This appeal followed.[3]

## STANDARD OF REVIEW AND APPLICABLE LAW

We review the trial court's modification order for a clear abuse of discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *Zeifman*, 212 S.W.3d 582, 587 (Tex. App.–Austin 2006, pet. denied). The test for an abuse of discretion "is whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable." *Worford*, 801 S.W.2d at 109 (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)). "To determine whether the trial court abused its discretion, we consider whether the trial court had sufficient evidence upon which to exercise its discretion and whether it erred in its exercise of that discretion." *In re W.C.B.*, 337 S.W.3d 510, 513 (Tex. App.—Dallas 2011, no pet.).

Under this standard, sufficiency of the evidence is not an independent ground of error but is a factor in determining whether the trial court abused its discretion. *Zeifman*, 212 S.W.3d at 587. When conducting a legal-sufficiency review, we consider the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822, 827 (Tex. 2005). To prevail, an appellant must show that no more than a scintilla of evidence supports a finding on which the opponent had the burden of proof. *See Waste Mgmt. of Tex., Inc. v. Texas Disposal Sys. Landfill, Inc.*, 434 S.W.3d 142, 156–57 (Tex. 2014); *City of Keller*, 168 S.W.3d at 826. More than a

---

[3] After Abila filed her notice of appeal, she filed a motion for temporary orders with the district court, requesting that the district court stay its modification order pending appeal. Following a hearing, the district court denied that motion.

scintilla of evidence exists to support a finding when the evidence enables reasonable and fair-minded people to differ in their conclusions. *Gharda USA, Inc. v. Control Sols., Inc.*, 464 S.W.3d 338, 347 (Tex. 2015). When conducting a factual-sufficiency review, we consider all the record evidence and set aside the trial court's order only if the evidence is so weak as to make the order clearly wrong and manifestly unjust. *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). We defer to the fact finder's implicit determinations of credibility and weight to be given to the evidence. *See Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003).

A trial court can modify the terms of a conservatorship order if (1) the child's or parties' circumstances have materially and substantially changed since the order was rendered and (2) doing so would be in the child's best interest. Tex. Fam. Code § 156.101(a)(1). The party seeking modification has the burden to establish these elements by a preponderance of the evidence. *Zeifman*, 212 S.W.3d at 589.

In modification proceedings, this burden of proof applies even when the non-moving party defaults. *See Giron v. Gonzalez*, 247 S.W.3d 302, 308 (Tex. App.—El Paso 2007, no pet.); *Agraz v. Carnley*, 143 S.W.3d 547, 552 (Tex. App.—Dallas 2004, no pet.); *Considine v. Considine*, 726 S.W.2d 253, 254 (Tex. App.—Austin 1987, no writ); *Armstrong v. Armstrong*, 601 S.W.2d 724, 726 (Tex. App.—Beaumont 1980, writ ref'd n.r.e.). Although this rule has been applied primarily in divorce proceedings, *see* Tex. Fam. Code § 6.701 ("In a suit for divorce, the petition may not be taken as confessed if the respondent does not file an answer."), we conclude that it applies to conservatorship modifications even in the absence of divorce, *see Considine*, 726 S.W.2d at 254 ("Reason suggests . . . that the same policy considerations . . . applicable to original divorce judgments appointing conservators and setting

5

support for and access to children, should also obtain in [conservatorship-modification] proceedings to modify like provisions in prior orders."). We reach this conclusion because "when the custody of a child is at issue, technical rules of practice and pleading are not necessarily controlling." *Davis v. Ross*, 678 S.W.2d 636, 638 (Tex. App.—Houston [14th Dist.] 1984, no writ) (citing *Armstrong*, 601 S.W.2d at 726). "Rather, the paramount concern is the best interest of the child," *id.*, and the best interest of the child is proven with evidence rather than allegations, *see Armstrong*, 601 S.W.2d at 726; *see also Considine*, 726 S.W.2d at 254 (explaining that requirement of modification hearing "implies the admission and consideration of proof—the opposite of taking allegations of the motion for modification 'as confessed for want of an answer.'"). Thus, we hold that whenever a petitioner seeks modification of a child-conservatorship order, "in a case of default by the respondent, the movant must prove up the required allegations of the motion to modify." *Considine*, 726 S.W.2d at 254; *see also In re J.M.M.*, 549 S.W.3d 293, 296-97 (Tex. App.—El Paso 2018, no pet.) ("In a default proceeding pertaining to issues of conservatorship of a child, or the possession of or access to a child, the party seeking relief must prove up the required allegations of the suit by a preponderance of the evidence."); *Williams v. Williams*, 150 S.W.3d 436, 448 (Tex. App.—Austin 2004, pet. denied) ("We recognize that the parent's failure to respond may affect the trial court's consideration of the issues in the case, but it should not form the sole basis for the trial court's judgment.").

"In a conservatorship modification action, a threshold inquiry of the trial court is whether the moving party has met the burden imposed upon him of showing a material and substantial change; otherwise the trial court must deny the motion to modify." *Zeifman*, 212 S.W.3d at 589. "To prove that a material change in circumstances has occurred, the petitioner must demonstrate what conditions existed at the time of the entry of the prior order as

compared to the circumstances existing at the time of the hearing on the motion to modify." *Id*. (citing *Agraz*, 143 S.W.3d at 554; *Considine*, 726 S.W.2d at 255). In other words, the petitioner must show what material changes have occurred in the intervening period. *Id*. "Although courts have allowed changes to be proved in a variety of ways, they have consistently required that a change be proved and that it be shown to be substantial and material." *Id*. at 593. "The policy behind the requirement of a material and substantial change is to prevent constant relitigation with respect to children." *Id*. at 595. "The requirement of this showing 'serves a valid purpose of significantly limiting the trial judge's discretion and prevents the modification statute from being unconstitutionally broad.'" *Id*. (quoting *In re M.N.G.*, 113 S.W.3d 27, 33 (Tex. App.— Fort Worth 2003, no pet.)).

The movant must additionally show that the proposed modification is in the child's best interest, which "shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child." Tex. Fam. Code § 153.002. In determining whether such a showing has been made, courts should consider the non-exhaustive list of factors discussed in *Holley v. Adams*, which include the desires of the child, the emotional and physical needs of the child now and in the future, the emotional and physical danger to the child now and in the future, the parental abilities of the individuals seeking custody, the programs available to assist these individuals to promote the best interest of the child, the plans for the child, the stability of the home, the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and any excuse for the acts or omissions of the parent. 544 S.W.2d 367, 371-72 (Tex. 1976).

**DISCUSSION**

In her first and second issues, Abila contends that the district court abused its discretion in granting the petition to modify because Miller failed to prove either a material and substantial change in circumstances since the original order or that modification of that order was in Reed's best interest. We agree. At the hearing on his petition to modify, Miller, who had the burden of proof at the hearing, presented no evidence as to what circumstances existed at the time of the prior order or how those circumstances had materially or substantially changed. Miller also presented no evidence as to how naming him the conservator with the exclusive right to designate Reed's primary residence would be in Reed's best interest. He provided no evidence regarding any of the *Holley* factors summarized above, such as the parental abilities of Abila and Miller, their respective plans for the child, the stability of their homes, or any other considerations that might be relevant to the best-interest inquiry. In fact, the district court admitted no evidence at all at the modification hearing. Instead, the district court allowed Miller's counsel to make a statement, and counsel argued in his statement that Abila had denied Miller access to Reed. However, arguments of counsel are not evidence. *See Grant v. Espiritu*, 470 S.W.3d 198, 203 (Tex. App.—El Paso 2015, no pet.); *Texas Dep't of Pub. Safety v. Mendoza*, 952 S.W.2d 560, 564 (Tex. App.—San Antonio 1997, no pet.). Furthermore, even if we were to consider the amended modification petition (or even the original motion to modify) as "evidence," there are no facts in the petition itself that could be sufficient to support either factual finding. Instead, the petition contains nothing but blanket conclusory assertions that do not rise to the level of "facts." Thus, there was no evidence presented at the hearing from which the district court could have found that Reed's or the parties' circumstances had materially and

8

substantially changed since the previous order was rendered or that modification of that previous order would be in Reed's best interest.

Miller argues on appeal that even though no evidence was presented at the modification hearing, Abila had a history of not appearing at the hearings in the case, and there was evidence presented at those hearings that Abila had violated the district court's earlier orders by denying Miller possession of Reed. According to Miller, this history of default and noncompliance by Abila was sufficient to support modification of the order, and the district court "was not required to ignore its own records and hearings and the previous actions of [Abila]" in concluding that she was no longer an appropriate primary conservator for Reed.

On the one hand, it is well established that "a court may take judicial notice of its own records." *Tschirhart v. Tschirhart*, 876 S.W.2d 507, 508 (Tex. App.—Austin 1994, no pet.). "However, judicial notice usually is limited to matters that are generally known or easily proven and that cannot reasonably be disputed." *Id*. For example, a court may take judicial notice that a pleading has been filed in the case or of the law of another jurisdiction. *Id*. On the other hand, "a court may not [] take judicial notice of the *truth* of allegations in its records." *Id*. Thus, "the trial court may not take judicial notice of the *truth* of factual statements and allegations contained in the pleadings, affidavits, or other documents in the file." *Guyton v. Monteau*, 332 S.W.3d 687, 693 (Tex. App.—Houston [14th Dist.] 2011, no pet.). Similarly, "[i]t is inappropriate for a trial judge to take judicial notice of testimony" from prior proceedings in the same case. *Id*. "In order for testimony from a prior hearing or trial to be considered in a subsequent proceeding, the transcript of that testimony must be properly authenticated and entered into evidence." *Id*. "When evidence is the subject of improper judicial notice, it amounts to no evidence." *Id*.

9

To the extent the district court took judicial notice of what occurred in this case before the modification hearing,[4] it could do so only of facts that could not reasonably be disputed, such as Abila's failure to appear at the previous hearings. The district court could not take judicial notice of the truth of Miller's allegations that Abila had denied him access to Reed, nor could it take judicial notice of Miller's testimony at prior hearings in the case that Abila had denied him access. As for Abila's failure to appear at the hearings, that fact does not, without more, prove either a material and substantial change in circumstances or that modification is in Reed's best interest, nor does it relieve Miller of his burden of proof on those issues. *See Giron*, 247 S.W.3d at 308; *Agraz*, 143 S.W.3d at 552; *Considine*, 726 S.W.2d at 254. Miller failed to meet that burden here. On this record, we conclude that there is insufficient evidence of a material or substantial change in circumstances and that modification was in Reed's best interest. Accordingly, we conclude that the district court abused its discretion in modifying its conservatorship order.

We sustain Abila's first and second issues on appeal. We need not consider her third issue regarding Miller's failure to attach an affidavit to his petition to modify.[5] *See* Tex. R. App. P. 47.1.

---

[4] Although there is no indication in the record that the district court took judicial notice here, "a trial court is presumed to have taken notice of its own records in a case because '[a] trial judge judicially knows what has previously taken place in the case on trial.'" *Asplundh Tree Expert Co. v. Abshire*, 517 S.W.3d 320, 344 n.13 (Tex. App.—Austin 2017, no pet.) (quoting *Estate of Hoskins*, 501 S.W.3d 295, 310 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.)).

[5] Section 156.102 of the Family Code provides that if, within one year of the order to be modified, a person files a suit to modify the designation of the person having the exclusive right to designate the primary residence of the child, the person filing suit shall execute and attach an affidavit containing at least one of three allegations regarding the need for the modification, along with supporting facts. *See* Tex. Fam. Code § 156.102(a)–(b); *In re J.B.J.*, 649 S.W.3d 828, 829 (Tex. App.—Waco 2022, no pet.). "The court shall deny the relief sought and refuse to

**CONCLUSION**

We reverse the district court's modification order and render judgment denying Miller's petition.

_____

Gisela D. Triana, Justice

Before Chief Justice Byrne, Justices Triana and Theofanis

Reversed and Rendered

Filed:   December 21, 2023

---

schedule a hearing for modification under this section unless the court determines, on the basis of the affidavit, that facts adequate to support an allegation listed in Subsection (b) are stated in the affidavit." Tex. Fam. Code § 156.102(c). Neither Miller's original nor his amended petition included any such affidavit. Miller contends that the requirements of section 156.102 do not apply in this case because his amended petition was filed more than a year after the conservatorship order. We need not decide whether section 156.102 applies here because Miller failed to meet his evidentiary burdens under section 156.101 regarding a material or substantial change in circumstances and the best interest of a child, and that section's requirements apply regardless of the date the petition is filed. _See_ Tex. Fam. Code § 156.101.

11